# Attachment 1

1  JOANNA L. BROOKS, Bar No. 182986
   LITTLER MENDELSON, P.C.
2  Treat Towers
   1255 Treat Boulevard, Suite 600
3  Walnut Creek, CA 94597
   Telephone:   925.932.2468
4  Fax No.:     925.946.9809

5  ANDREW M. SPURCHISE, Bar No. 245998
   ROXANNA IRAN, Bar No. 273625
6  MEL M.C. COLE, Bar No. 293265
   LITTLER MENDELSON, P.C.
7  650 California Street, 20th Floor
   San Francisco, CA 94108.2693
8  Telephone:   415.433.1940
   Fax No.:     415.399.8490
9
   Attorneys for Defendant
10 HANDY TECHNOLOGIES, INC.
   (D/B/A HANDY, F/K/A HANDYBOOK, INC.)
11

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 17 2014

Sherri R. Carter, Executive Officer/Clerk
By: Kandece Bennett, Deputy

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

14 LULU MALONE, individually and on        Case No.  BC555367
   behalf of a class of similarly situated
15 individuals,                            **NOTICE TO PLAINTIFF AND STATE**
                                           **COURT OF FILING OF REMOVAL OF**
16              Plaintiff,                 **CIVIL ACTION TO FEDERAL COURT**

17       v.
                                           Complaint Filed:  August 21, 2014
18 HANDYBOOK, INC., a Delaware             FAC Filed:  October 10, 2014
   corporation; HANDY, a business entity   Trial Date:  None set.
19 form unknown; and DOES 1-100,
   inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. BC555367

NOTICE TO PLAINTIFF AND STATE COURT OF FILING OF REMOVAL

**TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES AND PLAINTIFF LULU MALONE:**

PLEASE TAKE NOTICE that on November 17, 2014, Defendant HANDY TECHNOLOGIES, INC. (D/B/A HANDY, F/K/A HANDYBOOK, INC.) ("Defendant") filed in the United States District Court in and for the Central District of California, its Notice of Removal of Civil Action of the above-entitled action from the Superior Court of the State of California, County of Los Angeles to said United States District Court. A copy of Defendant's Notice of Removal of Civil Action from State Court and its accompanying exhibits is attached hereto as **Exhibit 1**.

Dated: November 17, 2014

ANDREW M. SPURCHISE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HANDY TECHNOLOGIES, INC.
(D/B/A HANDY, F/K/A HANDYBOOK, INC.)

Firmwide:129908016.1 082196.1010

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. BC555367

NOTICE TO PLAINTIFF AND STATE COURT OF FILING OF REMOVAL

# Exhibit 1

1   JOANNA L. BROOKS, Bar No. 182986
    LITTLER MENDELSON, P.C.
2   Treat Towers
    1255 Treat Boulevard, Suite 600
3   Walnut Creek, CA 94597
    Telephone: 925.932.2468
4   Fax No.: 925.946.9809

5   ANDREW M. SPURCHISE, Bar No. 245998
    ROXANNA IRAN, Bar No. 273625
6   MEL M.C. COLE, Bar No. 293265
    LITTLER MENDELSON, P.C.
7   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
8   Telephone: 415.433.1940
    Fax No.: 415.399.8490

9
    Attorneys for Defendant
10  HANDY TECHNOLOGIES, INC.
11  (D/B/A HANDY, F/K/A HANDYBOOK, INC.)

FILED
CLERK, U.S. DISTRICT COURT

NOV 17 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14  LULU MALONE, individually and on      Case No. CV14-08906-ODW(SHX)
15  behalf of a class of similarly situated
    individuals,
16                                          NOTICE OF REMOVAL OF CIVIL
                    Plaintiff,              ACTION FROM STATE COURT
17
    v.                                      [28 U.S.C. §§ 1332(d), 1441, 1446,
18                                          1453]
    HANDYBOOK, INC., a Delaware
19  corporation; HANDY, a business entity   Complaint Filed: August 21, 2014
    form unknown; and DOES 1-100,           FAC Filed: October 10, 2014
20  inclusive,
21                  Defendants.
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL                          Case No.
ACTION FROM STATE COURT

**TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF LULU MALONE, AND HER ATTORNEY(S) OF RECORD:**

PLEASE TAKE NOTICE that Defendant HANDY TECHNOLOGIES, INC. (D/B/A HANDY, F/K/A HANDYBOOK, INC.) ("Defendant") hereby gives notice of the removal of the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This Notice of Removal ("Notice") is based on 28 U.S.C. sections 1332(d), 1441, 1446, and 1453, and more specifically the following:

**I.   PROCESS, PLEADINGS, AND ORDERS**

1. On or about August 21, 2014, Plaintiff Lulu Malone ("Plaintiff") filed an original complaint in the Superior Court of the State of California, County of Los Angeles, Case No. BC555367 (the "Complaint"). A true and correct copy of the Summons and Complaint, and all attached documents, are attached hereto as **Exhibit A.**

2. The Complaint alleges causes of action for: (1) failure to pay minimum wages; (2) liquidated damages pursuant to Labor Code § 1194.2; (3) failure to pay overtime compensation; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to reimburse expenses; (7) failure to provide itemized wage statements; (8) failure to timely pay wages under Labor Code § 203; and (9) unfair competition.

3. Plaintiff served Defendant by mail with the documents attached as Exhibit A on August 29, 2014. A true and correct copy of the Service of Process Transmittal to Defendant is attached hereto as **Exhibit B.**

4. On or about October 10, 2014, Plaintiff filed a First Amended Class Action Complaint ("FAC"). A true and correct copy of the Summons and FAC, and all attached documents, are attached hereto as **Exhibit C.**

5. The FAC alleges identical claims to those in the Complaint, with the addition of a claim for penalties authorized under the Private Attorneys General

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

Case No.

1  Act of 2004 ("PAGA").

2        6.     Plaintiff served Defendant by mail with the documents attached as

3  Exhibit C on October 14, 2014.  Defendant received these documents on October 17,

4  2014.  A true and correct copy of the Service of Process Transmittal to Defendant is

5  attached hereto as **Exhibit D**.

6        7.     Plaintiff served Defendant with a Notice of Initial Status

7  Conference and Initial Status Conference Order by mail on October 16, 2014.  A true

8  and correct copy of said Notice of Initial Status Conference is attached hereto as

9  **Exhibit E**.

10        8.     On November 13, 2014, Defendant filed a Notice of Appearance

11  and Motion for Peremptory Challenge.  A true and correct copy of the Notice of

12  Appearance is attached as **Exhibit F**.  A true and correct copy of the Motion for

13  Peremptory Challenge, and all attached documents, are attached hereto as **Exhibit G**.

14        9.     Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all

15  process, pleadings and orders served upon Defendant or filed or received in this action

16  by Defendant.

17  **II.    TIMELINESS OF REMOVAL**

18        10.    Section 1446(b) specifies two time periods within which a

19  defendant must remove a class action from state court to federal court.  If the initial

20  pleading sets forth the basis for removal, the notice of removal must be filed within 30

21  days of receiving the pleading or summons by service.  28 U.S.C. § 1446(b)(1).  If,

22  based on the initial pleading, the case is not removable, the defendant must file a

23  notice of removal within 30 days of receiving "an amended pleading, motion, order or

24  other paper from which it may first be ascertained that the case is one which is or has

25  become removable." 28 U.S.C. § 1446(b)(3).

26        11.    Removal of this action is timely because this Notice has been filed

27  within thirty days from October 17, 2014, the date Defendant received the FAC and

28  first became aware that the action was removable.  *See* Ex. D.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT    2.    Case No.

### III.   CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

12.     Removal jurisdiction exists because, in relevant part, this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).   CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.   *See* 28 U.S.C. § 1332(d).   CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.   As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.   Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state officials or other governmental entity; (3) there is diversity between at least one class member and one defendant; and (4) the amount in controversy for all class members exceeds $5 million.

### A.   The Putative Class Contains More Than 100 Members.

13.     Plaintiff defines the class as: "All persons who are employed or have been employed by Defendants within the State of California as cleaning personnel for Defendants' customers from four years prior to the filing of this action up to and including the entry of an appropriate class certification order."   FAC ¶ 33. Plaintiff alleges a class of over "250 Handybook 'maids' within the state of California."   FAC, ¶ 34(a).   Defendant does not dispute this number; in fact, a preliminary investigation has revealed that no fewer than 2,058 individuals, including Plaintiff, have provided cleaning services in California arranged through Defendant's online booking platform between August 21, 2010 (four years prior to the filing of the Complaint) and the present.   (Declaration of Carolyn Childers ("Childers Decl."), ¶ 3.)   Accordingly the putative class contains more than 100 members.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT                    3.                    Case No.

**B.** **Defendant Is Not A Governmental Entity.**

14.     Defendant is a privately held corporation incorporated in the State of Delaware with a principal place of business in New York, New York, and is not a state, a state official or any other governmental entity.  (Childers Decl., ¶ 2.)

**C.** **Plaintiff's Citizenship Is Diverse From Defendant's Citizenship.**

15.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.  For purposes of removal, the citizenship of defendants sued under fictitious names is disregarded and only named defendants are considered.  28 U.S.C. § 1441(a).

16.     According to the FAC, Plaintiff resides in the state of California. FAC, ¶ 14.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return).  Therefore, Plaintiff is a citizen of California.

17.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

18.     A corporation's principal place of business is its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Except in unusual circumstances, a corporation's headquarters is its nerve center. *Id.*  Utilizing the "nerve center" test, it is undisputable that Defendant's principal place of business is the State of New York.  Defendant is a corporation organized and incorporated under the laws of the state of Delaware, and its headquarters is in the state of New York. (Childers Decl., ¶ 2.)  Defendant's primary administrative and financial offices,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT                        4.                         Case No.

including human resources, benefits and payroll, are located in New York, and a substantial majority of the corporate decisions, including operational, executive and administrative policy are all made at its headquarters in New York. (*Id.*)

19.    Diversity of citizenship therefore exists here because the named Plaintiff and Defendant are citizens of different states, in that Plaintiff is a California citizen and Defendant is a citizen of Delaware and New York.

**D.    The Amount In Controversy As Alleged In Plaintiff's FAC Exceeds $5 Million.**

20.    The amount put "in controversy" by Plaintiff and the putative class members' claims asserted in Plaintiff's FAC exceeds the $5,000,000 jurisdictional amount required by CAFA.   *See* 28 U.S.C. § 1332(d)(2).   Specifically, and as described in further detail below, the FAC seeks (at least) **$11,936,400** under the newly-added PAGA claim alone, which exceeds CAFA's jurisdictional minimum.

21.    In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).   The ultimate inquiry is what amount is put "in controversy" by Plaintiff's FAC, not what Defendant will actually owe if Plaintiff prevails.   *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

22.    In the Ninth Circuit, the Court and the parties are bound by an objective review of the complaint based on its contents, not what could have been known.   Under CAFA, where a complaint fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013).   However, Defendant is not required to "research,

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT          5.          Case No.

1    state, and prove the plaintiff's claims for damages." *Fong v. Regis Corp.*, 2014 U.S.
2    Dist. LEXIS 275, *6 (N.D. Cal. Jan. 2, 2014) (citations omitted); *see also Kuxhausen*
3    *v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) (noting that
4    plaintiff "is incorrect in asserting that because [the defendant] *could have* ventured
5    beyond the pleadings to demonstrate removability initially (as it did later upon receipt
6    of the FAC) it was therefore *obligated* to do so") (emphasis in original).

7           23.    To determine removability, Defendant is not "obligated to
8    extrapolate the value of the putative class's claims based on the alleged value of the
9    named Plaintiff's claims" or make estimates based on "plausible" amounts.
10   *Kuxhausen*, 707 F.3d at 1141. "This is because courts 'don't charge defendants with
11   notice of removability until they've received a paper that gives them enough
12   information to remove.    This principle helps avoid a 'Catch-22' for defendants
13   desirous of a federal forum.    By leaving the window for removal open, it forces
14   plaintiffs to assume the costs associated with their own indeterminate pleadings. That
15   is only fair after all, because—even under CAFA—'the burden is on the party
16   removing the case from state court to show the exercise of federal jurisdiction is
17   appropriate.'" *Id.* (internal citations omitted).

18          24.    Here, the original action was not removable on its face because it
19   did not seek at least $5,000,000 in damages.  In fact, Plaintiff's original Complaint is
20   ***entirely silent*** (as is the FAC, for that matter) as to the amount in controversy.   The
21   original Complaint set forth nine causes of action and purported to bring claims on
22   behalf of "over 250 Handybook 'maids' within the State of California."  *See* Ex. A.
23   However, the allegations of the initial Complaint are insufficient to provide a basis for
24   Defendant to meet its burden of proof for CAFA removal.  Indeed, given the complete
25   absence of specific allegations as to the alleged amount of minimum wages and
26   overtime Defendant failed to pay Plaintiff and the putative class members, the hours
27   regularly worked by the Plaintiff and the putative class members, the number of daily
28   or weekly meal and rest periods allegedly not provided, or the specific "wage rate"

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT                 6.                      Case No.

1    Plaintiff and the putative class members received, Defendant could not reasonably
2    conclude an amount in controversy exceeding $5,000,000 from the face of the
3    Complaint.  At best, Defendant could have determined there may have been $12,500
4    at issue in Plaintiff's Eighth Cause of Action.  This calculation is made based on the
5    assumption that the 250 putative class members alleged in the Complaint worked at
6    least one "pay period" during the time period relevant to the Complaint (250 putative
7    class members x $50 per initial pay period x 1 initial pay period).  However, without
8    additional information as to the claimed damages at issue in the initial Complaint or
9    the number of "pay periods" worked by each putative class member, Defendant could
10   not establish, without substantial investigation, that the amount in controversy
11   requirement under CAFA was met. *Fong*, 2014 U.S. Dist. LEXIS 275, *6.

12        25.   But the addition of the Tenth Cause of Action in the FAC—for
13   penalties under PAGA, Labor Code § 2698 *et seq.*—added a claim that, as revealed by
14   only a preliminary investigation into the size of the class, creates potential exposure
15   for civil penalties for every "pay period" in which a putative class member suffers
16   virtually any violation of the Labor Code.  *See, e.g.,* Cal. Labor Code § 2698 *et seq.*
17   Indeed, the addition of the PAGA cause of action has increased the "amount in
18   controversy" from likely below the $5,000,000 threshold to unquestionably far above
19   it, thus, bringing it under this Court's jurisdiction under CAFA.

20        26.   Defendant denies the validity and merit of Plaintiff's claims, the
21   legal theories upon which they are purportedly based, and the claims for monetary and
22   other relief that flow from them.  However, for purposes of removal only, and without
23   conceding that Plaintiff or the putative class is entitled to any damages, civil or
24   statutory penalties or other relief, it is readily apparent that the aggregated claims of
25   the putative class as alleged in the FAC and the claimed PAGA penalties alleged
26   therein establish an "amount in controversy" in excess of the jurisdictional minimum
27   of $5,000,000.

28        27.   PAGA provides that by following the provisions specified in Labor

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT                    7.                    Case No.

1  Code section 2699.3, any provision of the Labor Code which provides for a civil

2  penalty to be collected by the Labor and Workforce Development Agency may be

3  recovered by an "aggrieved employee on behalf of himself or herself or other current

4  and former employees." Labor Code § 2699(a).

5     28. Plaintiff alleges that she seeks PAGA penalties as a result of

6  Defendant's alleged violations of Labor Code sections 201, 202, 203, 204, 221, 226,

7  226.7, 226.8, 512, 1194.2, 1197.1, 2753, and 2810.5. FAC, ¶ 82. Defendant

8  addresses the civil penalties recoverable under these sections as follows:[1]

9     29. Labor Code sections 201, 202 and 203 address the payment of

10  wages upon termination. These sections do not have civil penalty provisions

11  associated with them. Taking Plaintiff's claims as true, Labor Code section 2699(f)

12  default penalties would apply. Accordingly, assuming even just one "pay period"

13  worked by each putative class member, the amount in controversy here is **$205,800**

14  (2,058 putative class members x $100 per pay period x 1 pay period).[2]

15     30. Civil penalties for Labor Code section 204 violations are

16  recoverable under section 210. Assuming even just one "pay period" worked by each

17  putative class member, this amounts to **$205,800** (2,058 putative class members x

18  $100 per pay period x 1 pay period) in controversy as to this claim.

19     31. Plaintiff also alleges civil penalties for Labor Code section 221

20  violations, which are recoverable under section 225.5. Assuming even just one "pay

21  period" worked by each putative class member, this amounts to **$205,800** (2,058

22  putative class members x $100 per pay period x 1 pay period) in controversy as to this

23  claim.

24     32. Civil penalties for violations of Labor Code 226(a) are recoverable

---

[1] Defendant does not address Plaintiff's request for penalties under Labor Code section 1197.1 as that statute is itself a civil penalty provision.

[2] Defendant's ongoing investigation is highly likely to confirm that many putative class members worked more than a single pay period.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT  8.  Case No.

1    under PAGA's default penalty provisions.   Again, assuming even just one "pay
2    period" worked by each putative class member, this amounts to **$205,800** (2,058
3    putative class members x $100 per pay period x 1 pay period) in controversy as to this
4    claim.

5          33.   Labor Code sections 226.7 and 512 address the provision of meal
6    and rest breaks.  These sections do not have a civil penalty provision associated with
7    them, and thus, taking Plaintiff's allegations as true, Labor Code section 2699(f)
8    penalties would apply.  Accordingly, assuming even just one "pay period" worked by
9    each member of the putative class, the amount in controversy here would be **$205,800**
10   (2,058 putative class members x $100 per pay period x 1 pay period).

11         34.   Labor Code section 226.8(b) provides for civil penalties for
12   violations of section 226.8(a) in the amount of not less than $5,000 and not more than
13   $25,000 for each violation, depending on whether or not the employer "has engaged in
14   or is engaging in a pattern or practice" of violating subsection (a).   Defendant
15   assumes, without conceding this is the appropriate method of calculation, that
16   Plaintiff's FAC seeks recovery of no less than $5,000 on behalf of *each and every*
17   *putative class member* (*i.e.*, "each violation").  Given that there are at least 2,058
18   putative class members, Plaintiff seeks recovery of no less than **$10,290,000** under
19   this section alone (2,058 putative class members x $5,000).

20         35.   Civil penalties for Labor Code section 1194.2 violations are
21   recoverable under section 1197.1.  Assuming each of the at least 2,058 putative class
22   members worked even just one "pay period," this amounts to **$205,800** (2,058
23   putative class members x $100 per pay period x 1 pay period) in controversy here.

24         36.   Labor Code section 2753 is not associated with a civil penalty
25   provision.  Taking Plaintiff's allegations as true, PAGA's default penalties would
26   apply.  Thus, the amount in controversy as to this claim under PAGA, assuming even
27   just one "pay period" worked by each putative class member, is at least **$205,800**
28   (2,058 putative class members x $100 per pay period x 1 pay period).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT                    9.                    Case No.

37.     Violations of section 2810.5 are also recoverable under PAGA's default provision.  Accordingly, assuming even just one "pay period" worked by each putative class member, the amount in controversy here is also **$205,800** (2,058 putative class members x $100 per pay period x 1 pay period).

38.     Thus, the total sum alleged under Plaintiff's PAGA claim alone is no less than **$11,936,400**.  Having conducted a preliminary investigation into the number of putative class members following the addition of the PAGA claim, Plaintiff's Eighth Cause of Action seeks no less than **$102,900** (2,058 putative class members x $50 per initial pay period x 1 initial pay period).  Therefore, the amount in controversy in this matter is no less than **$12,039,300** ($11,936,400 + $102,900).[3]

## IV.   VENUE IS PROPER

39.     This action was filed in the Superior Court of the State of California, County of Los Angeles.  Venue properly lies in the United States District Court for the Central District of California because that is the district court where the state court action is pending.  28 U.S.C. § 1441(a).

---

[3] It should be noted that while the Ninth Circuit Court of Appeals in *Urbino v. Orkin Servs. of Calif., Inc.* held that employees' PAGA penalties cannot be aggregated for purposes of establishing the amount in controversy, this case involved removal of a *representative* PAGA action involving alleged diversity jurisdiction and did not address the question of whether PAGA penalties, ***brought in conjunction with a class action***, can be aggregated for purposes of CAFA removal (which allows for aggregating under 28 U.S.C. § 1332(d)(6)).  *See Urbino v. Orkin Servs. of Calif., Inc.*, 726 F.3d 1118 (9th Cir. 2013); *cf. Stafford v. Dollar Tree Stores, Inc.*, 2014 U.S. Dist. LEXIS 42564, *9 (E.D. Cal. Mar. 28, 2014) (*Urbino* does not implicate cases removed under CAFA); *Ortiz v. CVS Caremark Corp.*, 2014 U.S. Dist. LEXIS 36833, *8-10 (N.D. Cal. Mar. 18, 2014) (noting that *Urbino* did not address the interplay between Rule 23 and PAGA); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. 2013) ("The Ninth Circuit's decision in *Urbino* addressed the aggregation question only in the context of diversity jurisdiction, not in the context of CAFA."); *Willner v. Manpower Inc.*, 2012 U.S. Dist. LEXIS 62227, *24-25 (N.D. Cal. May 3, 2012) (noting that PAGA "does not fall under the terms of Rule 23").

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

10.

Case No.

**V.     NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

40.     Concurrently with the filing of this Notice in the United States District Court for the Central District of California, written notice is being given to Plaintiff's counsel of record, Stephen M. Harris, Esq. of Knapp Petersen & Clarke, and Robert L. Starr, Esq., of the Law Offices of Robert L. Starr, and a copy of this Notice will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d).

**VI.     CONCLUSION**

41.     Defendant has established by a preponderance of the evidence that the amount in controversy for this class action exceeds the $5,000,000 minimum for federal jurisdiction.  For this reason and the others discussed above, removal of this action is appropriate under 28 U.S.C. §1332(d).


Dated:   November 17, 2014


ANDREW M. SPURCHISE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HANDY TECHNOLOGIES, INC.
(D/B/A HANDY, F/K/A
HANDYBOOK, INC.)

Firmwide:129907811.6 082196.1010

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT                    11.                    Case No.

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2014

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HANDYBOOK, INC., and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012<br>CENTRAL DISTRICT | **CASE NUMBER:**<br>*(Número de Caso):*<br>**BC 555 367** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen M. Harris (SBN 110626) 818-547-5000 FAX: 818-547-5329
Knapp, Petersen & Clarke
550 North Brand Boulevard, Suite 1500 Glendale, CA 91203

DATE:                          SHERRI R. CARTER         , Clerk, by *SHAUNYA BOLDEN* , Deputy
*(Fecha)*    AUG 21 2014        *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE:<br>Malone v. Handybook, Inc. | CASE NUMBER<br>BC 5 5 5 3 6 7 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES  CLASS ACTION? ☒ YES  LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL  7-10  ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Malone v. Handybook, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010   Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013   Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



American LegalNet, Inc.<br>www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Malone v. Handybook, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Malone v. Handybook, Inc. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS:<br>MUST BE FILED AT STANLEY MOSK COURTHOUSE<br>111 North Hill Street |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 21, 2014 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Stephen M. Harris

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkFlow.com

| | |
|---|---|
| 1 | Stephen M. Harris, Bar No. 110626 |
| | smh@kpclegal.com |
| 2 | KNAPP, PETERSEN & CLARKE |
| | 550 North Brand Boulevard, Suite 1500 |
| 3 | Glendale, California 91203-1922 |
| | Telephone: (818) 547-5000 |
| 4 | Facsimile: (818) 547-5329 |
| 5 | Robert L. Starr, Bar No. 183052 |
| | robert@starrlawmail.com |
| 6 | THE LAW OFFICES OF ROBERT L. STARR |
| | 23277 Ventura Boulevard |
| 7 | Woodland Hills, California 91364-1002 |
| | Telephone: (818) 225-9040 |
| 8 | Facsimile: (818) 225-9042 |
| 9 | Attorneys for Plaintiff |
| | LULU MALONE, individually and on behalf of a class |
| 10 | of similarly situated individuals |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 21 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**BC 555 367**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | | |
|---|---|---|
| 14 | LULU MALONE, individually and on behalf of a class of similarly situated individuals, | NO. [CLASS ACTION] |
| 15 | | |
| 16 | Plaintiff, | **PLAINTIFF'S CLASS ACTION COMPLAINT FOR:** |
| 17 | v. | |
| 18 | HANDYBOOK, INC., and DOES 1-100, inclusive, | **FAILURE TO PAY MINIMUM WAGES; LIQUIDATED DAMAGES; FAILURE TO PAY OVERTIME** |
| 19 | Defendants. | **COMPENSATION; FAILURE TO PROVIDE MEAL AND REST PERIODS; FAILURE TO** |
| 20 | | **REIMBURSE EXPENSES; WAITING TIME PENALTIES; FAILURE TO** |
| 21 | | **PROVIDE ITEMIZED WAGE STATEMENTS; UNFAIR** |
| 22 | | **COMPETITION; (CAL. BUS. & PROF. CODE § 17200 and CAL. LAB.** |
| 23 | | **CODE §§ 201, 202, 203, 204, 210, 221, 224, 226, 226.7, 226.8, 401-410, 510.** |
| 24 | | **512, 1194, 1194.2, 1197, 1197.1, 1198, and 2800-2802)** |
| 25 | | |
| 26 | | **DEMAND FOR JURY TRIAL** |

KNAPP,
PETERSEN
& CLARKE

2080655.1  08000/00997

1     Comes now Plaintiff Lulu Malone (referred to herein as "Plaintiff"), on behalf of

2  herself and all others similarly situated, and herein alleges:

3                             **INTRODUCTION**

4       1.     This is a class action, pursuant to Code of Civil Procedure § 382, on behalf of

5  Plaintiff and all individuals who work or worked as a cleaning person by Defendant

6  Handybook, Inc. (referred to herein as "Defendant" or "Handybook"), or any subsidiaries

7  or affiliated companies doing business as "Handybook," within the state of California.

8       2.     For at least four (4) years prior to the filing of this action and continuing to

9  the present, Defendant incorrectly classified Plaintiff and other Class Members as

10  independent contractors. Defendant has had a consistent policy of exercising significant

11  control over the cleaning persons' behavior and opportunity for profit.

12       3.     For at least four (4) years prior to the filing of this action and continuing to

13  the present, Defendant has had a consistent policy of failing to pay Plaintiff and other Class

14  Members the minimum wage, or legal overtime. The cleaning personnel are clearly entitled

15  to such wages (but were not paid for such wages) since they must wear Handybook

16  uniforms, must report 15 minutes early for each job, must adhere to detailed requirements

17  governing how they clean a customers' home, how they behave on the job, how they greet

18  customers, communicate with customers, and the steps to follow in cleaning their residence,

19  including how long the job is to take. Any referrals or return work is through Handybook

20  only, and Handybook is to be consulted about any issues the cleaning personnel cannot

21  answer or solve on their own. Moreover, cleaning personnel are subject to termination for

22  violating Handybook rules.

23       4.     Each Handybook cleaning person must work the first six hours of their

24  employment without any compensation, and is not paid for the first 15 minutes of each job,

25  since they must report 15 minutes early at the residence and are not paid for that time.

26  Moreover, all Handybook cleaning personnel are required to pay for their own cleaning

27  supplies, and are otherwise required to bear their own business expenses. Nor are

28  Handybook personnel given rest or meal breaks, or furnished with itemized wage

KNAPP,
PETERSEN
& CLARKE

*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

1  statements.

2      5.      Defendant disavows an employment relationship through unconscionable

3  constraints and through an invalid adhesion contract.

4      6.      For at least four (4) years prior to the filing of this action and continuing to

5  the present, Defendant has had a consistent policy of requiring cleaning personnel

6  employed within the State of California, including Plaintiff, to work at least five (5) hours

7  without an uninterrupted meal period of at least thirty (30) minutes and failing to pay such

8  employees one (1) additional hour of pay at the employees' regular rate of compensation

9  for each workday that the meal period is not provided, or provided after five (5) hours, as

10  required by California law. Moreover, Defendant routinely refuses to furnish cleaning

11  personnel statutorily prescribed rest breaks of ten minutes for each four hours worked and

12  Defendant fails and refuses to pay each employee one (1) additional hour of pay at the

13  employee's regular rate of pay for each workday that a rest break was not provided.

14      7.      For at least four (4) years prior to the filing of this action and continuing to

15  the present, Defendant failed to maintain accurate itemized wage statements reflecting the

16  Class Members' earned wages, work periods, hours worked, and the hourly value of their

17  compensation.

18      8.      For at least four (4) years prior to the filing of this action and continuing to

19  the present, Defendant has had a consistent policy of not reimbursing its cleaning personnel

20  for business expenses incurred in the course and scope of their employment.

21      9.      Plaintiff, on behalf of herself and all Class Members, brings this action

22  pursuant to Labor Code §§ 201, 202, 203, 204, 210, 221, 224, 226, 226.7, 226.8, 401-410,

23  510, 512, 1194, 1194.2, 1197, 1197.1, 1198, and 2800-2802, and California Code of

24  Regulations, Title 8, Section 11060, seeking unpaid wages, meal periods, meal period

25  premiums, rest periods and rest period premiums, reimbursement of expenses, wage

26  statement related violation relief, penalties, injunctive and other equitable relief, and

27  reasonable attorneys' fees and costs.

28  ///

KNAPP,
PETERSEN
& CLARKE

-3-
PLAINTIFF'S CLASS ACTION COMPLAINT FOR:

2080655.1  08000/00997

10.     Plaintiff was, at all times relevant herein, an employee of Defendant and brings this action as a class action on behalf of herself and others similarly situated.

11.     Plaintiff, on behalf of herself and all Class Members, pursuant to Business & Professions Code §§ 17200-17208 and Labor Code § 1194, and the other statutes referred to herein, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its failure to pay proper compensation.

## VENUE

12.     Venue is proper in this Court because Plaintiff and Defendant are located in Los Angeles County and the acts complained of in this Complaint occurred in Los Angeles County, pursuant to Code of Civil Procedure § 395 and Local Rule 2.0(b). The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated.

## PARTIES

13.     Plaintiff is a resident of the State of California.

14.     As cleaning persons, Plaintiff and the Class were regularly required to:

(1)     Work without receiving compensation for all hours worked at the proper rate and/or without receiving a minimum wage, or legal overtime compensation;

(2)     Work in excess of five (5) hours per day without being provided a meal period of at least thirty (30) minutes, and work without being compensated one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission ("IWC") Wage Orders;

(3)     Work more than four (4) hours each day without being provided a statutorily prescribed rest break and work without being compensated one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided, in violation of California labor laws, regulations, and Industrial Welfare Commission ("IWC") Wage Orders;

(4)     Work without being provided an accurate itemized wage statement

KNAPP,
PETERSEN
& CLARKE

-4-
*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1   08000/00997

1   reflecting all deductions from payment of wages and accurately reporting total hours

2   worked by Plaintiff and the Class Members, their rates of pay, or the compensation paid to

3   them;

4         (5)   Work without being reimbursed for expenses that were incurred on

5   Defendant's behalf as a necessary condition of employment.

6       15.   Defendant willfully failed to pay all wages owed at the time of termination or

7   resignation of Plaintiff and other Class Members' employment with Defendant.

8       16.   Defendant Handybook, Inc. is a corporation incorporated in the State of

9   Delaware with its principal place of business in the State of Massachusetts. Handybook is

10  doing business in the State of California.

11      17.   Plaintiff and the Class Members are and at all relevant times were employed

12  by Defendant as cleaning personnel in connection with Defendant's business operations.

13      18.   The true names and capacities of defendants sued as DOES 1 through 100,

14  inclusive, are unknown to Plaintiff at this time. Plaintiff will amend the Complaint when the

15  true names, identities, and/or capacities of said defendants become known to Plaintiff.

16      19.   Plaintiff alleges that at all times mentioned herein, Defendant Handybook and

17  the DOE defendants, DOES 1 through 100, inclusive, were the agents, employees, co-

18  owners, or co-venturers of each of their co-defendants, or are otherwise legally responsible

19  for the acts alleged herein, and in doing the things alleged in this Complaint, were acting

20  within the course and scope of that agency and employment, or other capacity, including,

21  without limitation, as an employer of Plaintiff and the Class Members.

22                 **FACTUAL BACKGROUND**

23      20.   Defendant hires class members to work as cleaning personnel under its

24  direction and control, in the State of California. Plaintiff and the Class were erroneously

25  classified as "independent contractors" despite their clear employee status. The cleaning

26  personnel must wear Handybook uniforms, must report 15 minutes early for each job, must

27  adhere to detailed requirements governing how they clean a customers' home, how they

28  behave on the job, how they greet customers, communicate with customers, and the steps to

KNAPP,
PETERSEN
& CLARKE

-5-

2080655.1  08000/00997

1   follow in cleaning their residence, including how long the job is to take. Any referrals or

2   return work is through Handybook only, and Handybook is to be consulted about any issues

3   the cleaning personnel cannot answer or solve on their own. Moreover, cleaning personnel

4   are subject to termination for violating Handybook rules. Each Handybook cleaning person

5   must work the first six hours of their employment without any compensation, and is not

6   paid for the first 15 minutes of each job, since they must report 15 minutes early at the

7   residence and are not paid for that time. Moreover, all Handybook cleaning personnel are

8   required to pay for their own cleaning supplies, and are otherwise required to bear their own

9   business expenses. Nor are Handybook personnel given rest or meal breaks, or furnished

10  with itemized wage statements.

11      21.   As stated above, Plaintiff and the Class were given no employee benefits and

12  were not reimbursed for their employment-related expenses. Further, Plaintiff and other

13  Class Members are no longer working for Defendant, and at the time of their termination or

14  within seventy-two (72) hours of their resignation were not paid all wages owed, and were

15  not paid said wages for thirty (30) days thereafter, thus entitling them to penalties under

16  Labor Code § 203.

17      22.   Plaintiff and the Class Members are and at all times pertinent hereto have

18  been non-exempt employees within the meaning of the California Labor Code and the

19  implementing rules and regulations of the IWC Wage Orders, in that Defendant directly or

20  indirectly employed or exercised control over the wages, hours, and working conditions of

21  Plaintiff and the Class Members.

22      23.   At all times relevant hereto, and at some time during the period from four (4)

23  years prior to the filing of this action and continuing to the present, Defendant has

24  employed the cleaning personnel, including Plaintiff, pursuant to a sham "independent

25  contractor" arrangement, which is an unenforceable adhesion contract. Pursuant to the sham

26  independent contractor agreement, Defendants, and each of them, fail to pay all wages due

27  to the cleaning personnel, nor did they or do they provide to the cleaning personnel any of

28  the other fundamental entitlements guaranteed by the law to all California employees,

KNAPP,
PETERSEN
& CLARKE

2080655.1  08000/00997

1  including, but not limited to, state unemployment and disability insurance, worker's

2  compensation insurance, and/or payment of employee payroll taxes to secure the class

3  members future eligibility for social security benefits.

4      24.    Plaintiff and the Class Members were regularly required to work in excess of

5  five (5) hours per day without being provided a thirty (30) minute meal period, and were

6  routinely required to work in excess of four (4) hours in each day without being provided

7  statutorily prescribed rest breaks.

8      25.    Defendant did not fully compensate Plaintiff and the Class for Defendants'

9  failure to provide meal and rest periods during the liability period.

10      26.    Defendants' requirement that Plaintiff and the Class work through meal and

11  rest periods without paying legal compensation for their failure to provide meal and rest

12  periods during the liability period was willful and deliberate.

13      27.    Defendants willfully failed to pay one (1) hour of wages at the employee's

14  regular rate of compensation for each meal or rest period Defendants failed to provide.

15      28.    Defendants have failed to comply with IWC Wage Order 4-2001(7) and/or 2-

16  2001 (7) and Labor Code Section 226 by failing to maintain time records showing when the

17  employee begins and ends each work period, meal periods, and total daily hours worked by

18  itemizing in wage statements all deductions from payment of wages and accurately

19  reporting total hours worked and total compensation earned as well as the rate of pay by

20  Plaintiff and the members of the Class.

21      29.    Defendants required Handybook cleaning personnel to wear a company

22  uniform, and buy their own cleaning equipment, as a condition of employment, but

23  Defendants failed to appropriately reimburse Plaintiff and the Class for these employment-

24  related expenses (and other employment related expenses) as required by Labor Code

25  § 2802.

26      30.    Plaintiff and the Class are covered by California Industrial Welfare

27  Commission Occupational Wage Order No. 2-2001, or 4-2001.

28  ///

**KNAPP,
PETERSEN
& CLARKE**

*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on her own behalf, and on behalf of the class of all persons similarly situated.

32.     Plaintiff seeks to represent a class defined as follows: All persons who are employed or have been employed by Defendants within the State of California as cleaning personnel for Defendants' customers from four years prior to the filing of this action up to and including the entry of an appropriate class certification order.

33.     This action is maintainable by Plaintiff as a class action under § 382 of the Code of Civil Procedure because the questions of law and fact common to the Class Members predominate over any questions affecting individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy.  There is as well-defined community of interest in the litigation and the Class is easily ascertainable.

a.     Numerosity:  The potential members of the Class as defined are so numerous that the individual joinder of all members is impractical under the circumstances of this case. Although the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that during the relevant time period Defendant employed over 250 Handybook "maids" within the State of California. Plaintiff alleges that Defendant's employment records would provide information as to the precise number and location of all Class Members. Joinder of all members of the Class is not practicable.

b.     Commonality:  The common questions are such that proof of a statement of facts common to the members of the Class will entitle each member of the Class to the relief requested in this Complaint. There are questions of law and fact presented herein which are common to the entire Class of persons represented by Plaintiff, and which predominate over any individual issues, including, but not limited to:

(i)     Whether Defendants failed to pay wages (including minimum wage and overtime compensation) for all hours worked at the proper rate, and when such payments

KNAPP,
PETERSEN
& CLARKE

-8-

*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

1    were due, as required by the Labor Code and Wage Orders;

2          (ii)    Whether Defendants failed to pay minimum wages as required by Labor Code

3    § 1197.1;

4          (iii)   Whether Defendants failed to provide meal and rest periods to Class

5    Members in violation of California law, and whether Defendants unlawfully failed to pay

6    Class Members one (1) hour of wages for each meal and rest period not provided;

7          (iv)    Whether Defendants unlawfully failed to provide Class Members with

8    accurate itemized wage statements;

9          (v)    Whether Defendants failed to properly reimburse expenses incurred on the

10   Defendants' behalf;

11         (vi)    Whether Defendants violated §§ 201-203 of the Labor Code by failing to pay

12   compensation due and owing at the time that any Class Member's employment with

13   Defendants terminated;

14         (vii)   Whether Defendants violated Labor Code §§ 221-224, and 400-410 by

15   requiring that Plaintiff's and the Class Members' work the initial six hours of their

16   employment for free in order to reimburse Defendants for the equipment which Class

17   Members used in connection with their employment;

18         (viii)  Whether Defendants violated § 17200 et seq. of the Business & Professions

19   Code by engaging in the acts previously alleged;

20         (ix)    Whether Plaintiff and the members of the Class are entitled to equitable relief

21   pursuant to Business & Professions Code § 17200, et seq.;

22         (x)    Whether Defendant willfully classified the cleaning personnel as independent

23   contractors;

24   c.    Typicality: Plaintiff's claims are typical of the claims of the Class Members.

25   Plaintiff and the members of the Class sustained damages arising out of Defendants'

26   common practices set forth above. Plaintiff and the Class Members performed the same

27   duties and had the same responsibilities.

28   d.    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the

KNAPP,
PETERSEN
& CLARKE

-9-

2080655.1  08000/00997

1  interest of each Class Member.  Plaintiff has no interest that is adverse to the interests of the

2  other Class Members. Counsel who represent Plaintiff are competent and experienced in

3  litigating wage and hour and employment class actions.

4       e.     Superiority: Class action adjudication is superior to the other available

5  methods because a class action will achieve economics of time, effort and expense as

6  compared to separate lawsuits, and will avoid inconsistent outcomes because the same

7  issues can be adjudicated in the same manner for the entire Class.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

10      34.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

11  re-alleges said allegations as though fully set forth herein.

12      35.    Plaintiff and the Class Members were never paid minimum wages for all

13  hours worked pursuant to Labor Code §§ 1197 and 1197.1. Moreover, Defendants violated

14  the provisions of Labor Code Sections 221-224 by deducting expenses from employee

15  compensation which were incurred by the employees in connection with their employment

16  duties, thereby reducing compensation below minimum wage.

17      36.    As a result of the unlawful acts of Defendants, Plaintiff and the Class have

18  been deprived of wages in amounts to be determined at trial, and are entitled to recovery of

19  such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to

20  Labor Code § 1194.

## SECOND CAUSE OF ACTION

## LIQUIDATED DAMAGES PURSUANT TO LABOR CODE § 1194.2

23      37.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

24  re-alleges said allegations as though fully set forth herein.

25      38.    During the course of their employment with Defendant, Plaintiff and the

26  Class were not at all times paid the minimum wage, in that Plaintiff and the class were not

27  compensated at all for the initial six hours that they worked for Defendants, were not paid

28  while they travelled from job to job, and were not paid for the initial 15 minutes of each job

KNAPP,
PETERSEN
& CLARKE

-10-
PLAINTIFF'S CLASS ACTION COMPLAINT FOR:

2080655.1  08000/00997

1    since they were required to show up 15 minutes early and were not paid for this time.

2    Pursuant to Labor Code § 1194.2, Plaintiff and the Class are entitled to a penalty equal to

3    the amount paid less than minimum wage.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

6        39.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

7    preceding allegations of the complaint.

8        40.    California Labor Code section 1198 and the applicable Industrial Welfare

9    Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

10   compensating them at a rate of pay either time-and-one-half or two-times that person's

11   regular rate of pay, depending on the number of hours worked by the person on a daily or

12   weekly basis.

13       41.    Specifically, the applicable IWC Wage Order provides that Defendants are

14   and were required to pay Plaintiff and class members employed by Defendants, and

15   working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at

16   the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or

17   more than forty (40) hours in a workweek.

18       42.    The applicable IWC Wage Order further provides that Defendants are and

19   were required to pay Plaintiff and class members employed by Defendants, and working

20   more than twelve (12) hours in a day, overtime compensation at a rate of two times their

21   regular rate of pay.

22       43.    California Labor Code section 510 codifies the right to overtime

23   compensation at one-and-one-half times the regular hourly rate for hours worked in excess

24   of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours

25   worked on the seventh day of work, and to overtime compensation at twice the regular

26   hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight

27   (8) hours in a day on the seventh day of work.

28       44.    During the relevant time period, Plaintiff and the class worked in excess of

KNAPP,
PETERSEN
& CLARKE

-11-
*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

1 eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

2 (40) hours in a week.

3     45.    During the relevant time period, Defendants willfully failed to pay all

4 overtime wages owed to Plaintiff and class members.

5     46.    Defendants' failure to pay Plaintiff and other class members the unpaid

6 balance of overtime compensation, as required by California laws, violates the provisions of

7 California Labor Code sections 510 and 1198, and is therefore unlawful.

8     47.    Pursuant to California Labor Code section 1194, Plaintiff is entitled to

9 recover his or her unpaid overtime compensation, as well as interest, costs, and attorneys'

10 fees.

11 **FOURTH CAUSE OF ACTION**

12 **FAILURE TO PROVIDE MEAL PERIODS**

13     48.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

14 re-alleges said allegations as though fully set forth herein.

15     49.    During all times relevant herein, Defendants unlawfully required Plaintiff and

16 the Class Members to work for more than five (5) hours without providing them a meal

17 period of at least thirty (30) minutes, in violation of Labor Code §§ 226.7 and 512.

18     50.    Therefore, Plaintiff prays for the relief provided by Labor Code § 226.7 in the

19 amount equal to an additional one (1) hour of pay at the employee's regular rate of

20 compensation for each day that a meal period was not provided.

21     51.    Plaintiff is also entitled to costs and attorneys' fees pursuant to California

22 Labor Code sections 226.7 and 512(a), and any other applicable statute or law.

23 **FIFTH CAUSE OF ACTION**

24 **FAILURE TO PROVIDE REST PERIODS**

25     52.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

26 preceding allegations of the complaint.

27     53.    At all relevant times herein, the applicable IWC Wage Order and California

28 Labor Code section 226.7 were applicable to Plaintiff's employment by Defendants.

KNAPP,
PETERSEN
& CLARKE

-12-
*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

54.   At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

55.   At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

56.   During the relevant time period, Defendants required Plaintiff and the class to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

57.   During the relevant time period, Defendants willfully required Plaintiff and the class to work during rest periods.

58.   During the relevant time period, Defendants failed to pay Plaintiff and the class the full rest period premium due pursuant to California Labor Code section 226.7.

59.   Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

60.   Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and each class member is entitled to recover from Defendants one additional hour of pay at his or her regular hourly rate of compensation for each work day that any rest period was not provided.

61.   Plaintiff is also entitled to costs and attorneys' fees pursuant to California Labor Code sections 226.7 and 512(a), and any other applicable statute or law.

### SIXTH CAUSE OF ACTION

### FAILURE TO REIMBURSE EXPENSES

62.   Plaintiff hereby incorporates the preceding paragraphs of this Complaint and re-alleges said allegations as though fully set forth herein.

KNAPP,
PETERSEN
& CLARKE

-13-

2080655.1  08000/00997

63.     Labor Code §§ 2800-2802 require employers to indemnify employees for all necessary expenditures incurred by the employee in the discharge of his or her duties. Moreover, Labor Code Sections 400-410 prohibit an employer from imposing a bond on an employee.

64.     At all relevant times herein, Defendants required Plaintiff and the Class to purchase and maintain uniforms and otherwise pay for other business expenses such as supplies, equipment and expenses incurred in connection with travelling from job to job. Defendants required Plaintiff and the Class to bear the burden of purchasing these employment related expenses.

65.     As a result, Defendants are liable to Plaintiff and the Class for the amounts expended in purchasing the uniforms and accessories, plus interest, penalties, and attorney's fees and costs, pursuant to Labor Code §§ 400-410, and 2800-2802.

## SEVENTH CAUSE OF ACTION

## WAITING TIME PENALTIES

66.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint and re-alleges said allegations as though fully set forth herein.

67.     California Labor Code § 203 states, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

68.     Numerous members of the Class, including Plaintiff, are no longer employed by Defendants.  They were either fired or quit Defendant's employ.

69.     Defendants' failure to pay wages, as alleged above, was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they

KNAPP,
PETERSEN
& CLARKE

-14-

*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

1  were due.

2      70.     Defendants have failed to pay Plaintiff and other Class Members a sum

3  certain at the time of termination or within seventy-two (72) hours of their resignation, and

4  have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of

5  Labor Code § 203, Plaintiff and the members of the Class are entitled to a penalty in the

6  amount of Plaintiff's and other's daily wage multiplied by thirty (30) days.

7                          **EIGHTH CAUSE OF ACTION**

8           **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

9      71.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

10  re-alleges said allegations as though fully set forth herein.

11     72.     California Labor Code § 226(a)(2) states, in pertinent part:

12              Every employer shall, semimonthly or at the time of each
               payment of wages, furnish each of his or her employees, either as a
13              detachable part of the check, draft, or voucher paying the
               employee's wages, or separately when wages are paid by personal
14              check or cash, an accurate itemized statement in writing showing
               (1) gross wages earned, (2) total hours worked by the employee,
15              except for any employee whose compensation is solely based on a
               salary and who is exempt from payment of overtime under
16              subdivision (a) of Section 515 or any applicable order of the
17              Industrial Welfare Commission.

18

19     73.     At all relevant times herein, Defendants violated Labor Code § 226(a) (2) by

20  not providing accurate itemized statement(s) to Plaintiff and the Class Members.

21     74.     Plaintiff prays for the greater of actual damages or the civil penalty of fifty

22  dollars ($50) for each aggrieved employee within the Class per pay period for the initial

23  violation and one hundred dollars ($100) for each aggrieved employee within the Class per

24  pay period for each subsequent violation as provided for in Labor Code § 226, as well as

25  attorneys' fees, costs, and appropriate injunctive relief.

26  ///

27  ///

28  ///

KNAPP,
PETERSEN
& CLARKE

PLAINTIFF'S CLASS ACTION COMPLAINT FOR:

2080655.1  08000/00997

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION

75. Plaintiff hereby incorporates the preceding paragraphs of this Complaint and re-alleges said allegations as though fully set forth herein.

76. At all times relevant herein, Defendants violated the above-cited provisions of the California Labor Code and the applicable IWC Wage Orders.

77. In addition, Defendants have repeatedly misrepresented to the members of the Class that they were exempt from coverage of the above-cited IWC Wage Orders and/or California laws regarding, e.g., minimum wage, overtime, meal and rest periods, reimbursement of expenses, and other incidents of employment which defendants misrepresented that Plaintiff and the class were not entitled to. These representations were false and fraudulent and designed to prevent Plaintiff and the Class Members from pursuing their legal remedies, and have resulted in Plaintiff and the Class Members being required to pay self-employment tax on monies earned due to their independent contractor status.

78. Defendants' conduct, as alleged in this Complaint, constitutes an unlawful, unfair and fraudulent business act or practice in violation of the provisions of Business & Professions Code § 17200, et seq.

79. Therefore, Plaintiff demands restitution of all sums due and owing to her and the Class.  Plaintiff also demands injunctive relief to prevent the continuing violations of the wage and hour violations identified in this Complaint.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, individually and on behalf of a Class of similarly situated persons, demands judgment against Defendants, and each of them, as hereinafter set forth:

1. For an order certifying this action as a class action and appointing Plaintiff's counsel as Counsel for the Class;

2. For payment of all minimum wages, and overtime compensation, on behalf of all employees who worked for Defendants, and for penalties pursuant to Labor Code § 1194.2;

KNAPP,
PETERSEN
& CLARKE

PLAINTIFF'S CLASS ACTION COMPLAINT FOR:

2080655.1  08000/00997

1      3.     For the reimbursement of employment-related expenses pursuant to Labor

2  Code §§ 400-410, and 2800-2802, in an amount to be proven at trial;

3      4.     For penalties pursuant to Labor Code § 203 for Plaintiff and all Class

4  Members who quit or were terminated equal to their daily wage multiplied by thirty (30)

5  days;

6      5.     For restitution of all wages or other sums owed to Plaintiff and the Class and

7  for any sums unlawfully deducted from compensation otherwise payable to Plaintiff and the

8  Class Members in violation of Labor Code §§ 210, 221-224, and Labor Code §§ 2800-2802

9  and 400-410;

10      6.     An order enjoining Defendants and their agents, servants, and employees, and

11  all persons acting under or in concert with them, from failing to provide Plaintiff and the

12  Class with proper minimum wages, meal periods and rest periods in violation of Labor

13  Code §§ 226.7, 512, and 1194, and IWC Wage Order 4-2001;

14      7.     For all relief provided for by Labor Code Section 226.7 based on failure to

15  furnish meal and rest periods;

16      8.     For all relief provided for by Labor Code Section 226 for failure to furnish

17  accurate itemized wage statements, including damages, or penalties, injunctive relief,

18  attorneys' fees and costs;

19      9.     For pre-judgment interest at the rate of ten percent per annum;

20      10.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5,

21  226, 226.7, 512, 1194, and 2800-2802, California Code of Civil Procedure § 1021.5, or

22  pursuant to the Common Fund Theory of Recovery;

23      11.    For costs of this suit; and

24      12.    For any other and further relief the court deems just and proper.

25  ///

26  ///

27  ///

28  ///

**KNAPP,
PETERSEN
& CLARKE**

*PLAINTIFF'S CLASS ACTION COMPLAINT FOR:*

2080655.1  08000/00997

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

3   Dated:  August 21, 2014                    KNAPP, PETERSEN & CLARKE

4

5                                              By

6                                                 Stephen M. Harris
                                                  Attorneys for Plaintiff
7                                                 LULU MALONE, individually and on
                                                  behalf of a class of similarly situated
                                                  individuals

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KNAPP,
PETERSEN
& CLARKE**

-18-

2080655.1  08000/00997

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

BC 555 367

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

AUG 21 2014

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06                                      By _____, Deputy Clerk
For Optical Use

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
               (INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| | | | | |
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
| --- | --- | --- |
| | | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):       FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

⮞ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**Exhibit B**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen M. Harris (SBN 110626)<br>Knapp, Petersen & Clarke<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203<br>TELEPHONE NO.: 818-547-5000    FAX NO. (Optional): 818-547-5329<br>E-MAIL ADDRESS (Optional): smh@kpclegal.com<br>ATTORNEY FOR (Name): Plaintiff LULU MALONE, etc. | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 10 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Kandece Bennett, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 600 SOUTH COMMONWEALTH AVENUE | |
| MAILING ADDRESS: 600 SOUTH COMMONWEALTH AVENUE | |
| CITY AND ZIP CODE: LOS ANGELES, CA 90005 | |
| BRANCH NAME: CENTRAL CIVIL WEST | |

| PLAINTIFF/PETITIONER: Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals<br>DEFENDANT/RESPONDENT: HANDYBOOK, INC., and DOES 1-100, inclusive | CASE NUMBER:<br>BC555367 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment-Class Action Cases; blank Voluntary Efficient Litigation Stipulations

3. a. Party served *(specify name of party as shown on documents served):* Handybook, Inc.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   CT Corporation System - Registered Agent for Service of Process

4. Address where the party was served: 155 Federal Street, Suite 700, Boston, MA 02110

5. I served the party (check proper box)
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: HANDYBOOK, INC., and DOES 1-100, inclusive | BC555367 |

5:  c.  ☒  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* August 29, 2014       (2) from *(city):* Glendale, CA

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4)  ☒  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

        ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☐  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☒  On behalf of *(specify):* Handybook, Inc.
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: Stephen M. Harris
  b.  Address: 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203
  c.  Telephone number: 818-547-5000
  d.  The fee for service was: $
  e.  I am:
    (1)  ☒  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
       (i)  ☐ owner  ☐ employee  ☐ independent contractor.
       (ii)  Registration No.:
       (iii)  County:

8.  ☒  **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

    **or**

9.  ☐  **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date: August 29, 2014

Stephen M. Harris
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

American LegalNet, Inc.
www.FormsWorkflow.com



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

MICHAEL CLOHERTY   9-2-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7012 2210 0000 2417 3424

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

AUG 29 2014
Postmark Here
USPS 90052

Sent To
CT Corp System
Street, Apt. No.;
or PO Box No.  155 Federal St. #700
City, State, ZIP+4  Boston MA 02110

7012 2210 0000 2417 3424

PS Form 3800, August 2006   See Reverse for Instructions