**Exhibit C**

**SUM-100**

# SUMMONS ON FIRST AMENDED COMPLAINT
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HANDYBOOK, INC., a Delaware corporation; HANDY, a business entity form unknown; and DOES 2-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LULU MALONE, individually and on behalf of a class of similarly situated individuals,

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 10 2014**

Sherri R. Carter, Executive Officer/Clerk
By: P. Pleasant, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>600 SOUTH COMMONWEALTH AVENUE<br>LOS ANGELES, CA 90005<br>CENTRAL CIVIL WEST | CASE NUMBER:<br>*(Número del Caso):*<br>**BC555367** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen M. Harris (SBN 110626) 818-547-5000 FAX: 818-547-5329
Knapp, Petersen & Clarke
550 North Brand Boulevard, Suite 1500 Glendale, CA 91203

| DATE:<br>*(Fecha)* **OCT 10 2014** | **SHERRI R. CARTER** | Clerk, by<br>*(Secretario)* **P. Pleasant** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Stephen M. Harris, Bar No. 110626
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone: (818) 547-5000
4  Facsimile: (818) 547-5329

5  Robert L. Starr, Bar No. 183052
   robert@starrlawmail.com
6  THE LAW OFFICES OF ROBERT L. STARR
   23277 Ventura Boulevard
7  Woodland Hills, California 91364-1002
   Telephone: (818) 225-9040
8  Facsimile: (818) 225-9042

9  Attorneys for Plaintiff
   LULU MALONE, individually and on behalf of a class
10 of similarly situated individuals

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: P. Pleasant, Deputy

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12           COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

13 LULU MALONE, individually and on behalf   ) NO.    BC555367 [CLASS ACTION]
   of a class of similarly situated individuals, )
14                                             ) Assigned for All Purposes to
              Plaintiff,                        ) the Hon. John Shepard Wiley, Jr. - Dept.
15       v.                                     ) 311
                                               )
16 HANDYBOOK, INC., a Delaware                  ) Date Action Filed:      August 21, 2014
   corporation; HANDY, a business entity form  )
17 unknown; and DOES 2-100, inclusive,         ) FIRST AMENDED CLASS ACTION
                                               ) COMPLAINT FOR:
18            Defendants.                        )
                                               ) FAILURE TO PAY MINIMUM
19                                             ) WAGES; LIQUIDATED DAMAGES;
                                               ) FAILURE TO PAY OVERTIME
20                                             ) COMPENSATION; FAILURE TO
                                               ) PROVIDE MEAL AND REST
21                                             ) PERIODS; FAILURE TO
                                               ) REIMBURSE EXPENSES; WAITING
22                                             ) TIME PENALTIES; FAILURE TO
                                               ) PROVIDE ITEMIZED WAGE
23                                             ) STATEMENTS; UNFAIR
                                               ) COMPETITION; PENALTIES
24                                             ) PURSUANT TO THE PRIVATE
                                               ) ATTORNEY GENERAL ACT (CAL.
25                                             ) BUS. & PROF. CODE § 17200 and
                                               ) CAL. LAB. CODE §§ 201, 202, 203,
26                                             ) 204, 210, 221, 224, 226, 226.7, 226.8,
                                               ) 401-410, 510. 512, 1194, 1194.2, 1197,
27                                             ) 1197.1,  1198, 2800-2802, and 2699 et
                                               ) seq.)
28                                             )
                                                 DEMAND FOR JURY TRIAL

KNAPP,
PETERSEN
& CLARKE

-1-

*FIRST AMENDED COMPLAINT*

2128905.1  08000/00997

1         Comes now Plaintiff Lulu Malone (referred to herein as "Plaintiff"), on behalf of

2    herself and all others similarly situated, and herein alleges:

3                      **INTRODUCTION**

4         1.     This is a class action, pursuant to Code of Civil Procedure § 382, on behalf of

5    Plaintiff and all individuals who work or worked as a cleaning person by Defendant

6    Handybook, Inc., which is also known and Handy (referred to herein as "Defendant" or

7    "Handybook"), or any subsidiaries or affiliated companies doing business as "Handybook,"

8    within the state of California.

9         2.     For at least four (4) years prior to the filing of this action and continuing to

10   the present, Defendant incorrectly classified Plaintiff and other Class Members as

11   independent contractors. Defendant has had a consistent policy of exercising significant

12   control over the cleaning persons' behavior and opportunity for profit.

13        3.     For at least four (4) years prior to the filing of this action and continuing to

14   the present, Defendant has had a consistent policy of failing to pay Plaintiff and other Class

15   Members the minimum wage, or legal overtime. The cleaning personnel are clearly entitled

16   to such wages (but were not paid for such wages) since they must wear Handybook

17   uniforms, must report 15 minutes early for each job, must adhere to detailed requirements

18   governing how they clean a customers' home, how they behave on the job, how they greet

19   customers, communicate with customers, and the steps to follow in cleaning their residence,

20   including how long the job is to take. Any referrals or return work is through Handybook

21   only, and Handybook is to be consulted about any issues the cleaning personnel cannot

22   answer or solve on their own. Moreover, cleaning personnel are subject to termination for

23   violating Handybook rules.

24        4.     Each Handybook cleaning person must work the first six hours of their

25   employment without any compensation, and is not paid for the first 15 minutes of each job,

26   since they must report 15 minutes early at the residence and are not paid for that time.

27   Moreover, all Handybook cleaning personnel are required to pay for their own cleaning

28   supplies, and are otherwise required to bear their own business expenses. Nor are

KNAPP,
PETERSEN
& CLARKE

1  Handybook personnel given rest or meal breaks, or furnished with itemized wage

2  statements.

3      5.      Defendant disavows an employment relationship through unconscionable

4  constraints and through an invalid adhesion contract.

5      6.      For at least four (4) years prior to the filing of this action and continuing to

6  the present, Defendant has had a consistent policy of requiring cleaning personnel

7  employed within the State of California, including Plaintiff, to work at least five (5) hours

8  without an uninterrupted meal period of at least thirty (30) minutes and failing to pay such

9  employees one (1) additional hour of pay at the employees' regular rate of compensation

10  for each workday that the meal period is not provided, or provided after five (5) hours, as

11  required by California law. Moreover, Defendant routinely refuses to furnish cleaning

12  personnel statutorily prescribed rest breaks of ten minutes for each four hours worked and

13  Defendant fails and refuses to pay each employee one (1) additional hour of pay at the

14  employee's regular rate of pay for each workday that a rest break was not provided.

15      7.      For at least four (4) years prior to the filing of this action and continuing to

16  the present, Defendant failed to maintain accurate itemized wage statements reflecting the

17  Class Members' earned wages, work periods, hours worked, and the hourly value of their

18  compensation.

19      8.      For at least four (4) years prior to the filing of this action and continuing to

20  the present, Defendant has had a consistent policy of not reimbursing its cleaning personnel

21  for business expenses incurred in the course and scope of their employment.

22      9.      Plaintiff, on behalf of herself and all Class Members, brings this action

23  pursuant to Labor Code §§ 201, 202, 203, 204, 210, 221, 224, 226, 226.7, 226.8, 401-410,

24  510, 512, 1194, 1194.2, 1197, 1197.1, 1198, and 2800-2802, and California Code of

25  Regulations, Title 8, Section 11060, seeking unpaid wages, meal periods, meal period

26  premiums, rest periods and rest period premiums, reimbursement of expenses, wage

27  statement related violation relief, penalties, injunctive and other equitable relief, and

28  reasonable attorneys' fees and costs.

KNAPP,
PETERSEN
& CLARKE

-3-

*FIRST AMENDED COMPLAINT*

2128905.1  08000/00997

10.    Plaintiff was, at all times relevant herein, an employee of Defendant and brings this action as a class action on behalf of herself and others similarly situated.

11.    Plaintiff, on behalf of herself and all Class Members, pursuant to Business & Professions Code §§ 17200-17208 and Labor Code § 1194, and the other statutes referred to herein, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its failure to pay proper compensation.

12.    Plaintiff notified the Labor and Workforce Development Agency and Defendant by mail of the intent to seek PAGA penalties on August 25, 2014.  Since more than 33 days have passed since the letter was sent, Plaintiff may now request PAGA penalties in the first amended complaint.

## VENUE

13.    Venue is proper in this Court because the acts complained of in this Complaint occurred in Los Angeles County, pursuant to Code of Civil Procedure § 395 and Local Rule 2.0(b). The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated.

## PARTIES

14.    Plaintiff is a resident of the State of California.

15.    As cleaning persons, Plaintiff and the Class were regularly required to:

(1)    Work without receiving compensation for all hours worked at the proper rate and/or without receiving a minimum wage, or legal overtime compensation;

(2)    Work in excess of five (5) hours per day without being provided a meal period of at least thirty (30) minutes, and work without being compensated one (1) additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission ("IWC") Wage Orders;

(3)    Work more than four (4) hours each day without being provided a statutorily prescribed rest break and work without being compensated one (1) additional

**KNAPP,<br>PETERSEN<br>& CLARKE**

-4-
*FIRST AMENDED COMPLAINT*

1    hour of pay at the employee's regular rate of compensation for each workday that a rest

2    period was not provided, in violation of California labor laws, regulations, and Industrial

3    Welfare Commission ("IWC") Wage Orders;

4           (4)    Work without being provided an accurate itemized wage statement

5    reflecting all deductions from payment of wages and accurately reporting total hours

6    worked by Plaintiff and the Class Members, their rates of pay, or the compensation paid to

7    them;

8           (5)    Work without being reimbursed for expenses that were incurred on

9    Defendant's behalf as a necessary condition of employment.

10          16.    Defendant willfully failed to pay all wages owed at the time of termination or

11   resignation of Plaintiff and other Class Members' employment with Defendant.

12          17.    Defendant Handybook, Inc. is a corporation incorporated in the State of

13   Delaware with its principal place of business in the State of Massachusetts. Handybook is

14   doing business in the State of California.

15          18.    Plaintiff and the Class Members are and at all relevant times were employed

16   by Defendant as cleaning personnel in connection with Defendant's business operations.

17          19.    The true names and capacities of defendants sued as DOES 1 through 100,

18   inclusive, are unknown to Plaintiff at this time. Plaintiff will amend the Complaint when the

19   true names, identities, and/or capacities of said defendants become known to Plaintiff.

20          20.    Plaintiff alleges that at all times mentioned herein, Defendant Handybook and

21   the DOE defendants, DOES 1 through 100, inclusive, were the agents, employees, co-

22   owners, or co-venturers of each of their co-defendants, or are otherwise legally responsible

23   for the acts alleged herein, and in doing the things alleged in this Complaint, were acting

24   within the course and scope of that agency and employment, or other capacity, including,

25   without limitation, as an employer of Plaintiff and the Class Members.

26                          **FACTUAL BACKGROUND**

27          21.    Defendant hires class members to work as cleaning personnel under its

28   direction and control, in the State of California. Plaintiff and the Class were erroneously

KNAPP,
PETERSEN
& CLARKE

-5-
*FIRST AMENDED COMPLAINT*

1 classified as "independent contractors" despite their clear employee status. The cleaning

2 personnel must wear Handybook uniforms, must report 15 minutes early for each job, must

3 adhere to detailed requirements governing how they clean a customers' home, how they

4 behave on the job, how they greet customers, communicate with customers, and the steps to

5 follow in cleaning their residence, including how long the job is to take. Any referrals or

6 return work is through Handybook only, and Handybook is to be consulted about any issues

7 the cleaning personnel cannot answer or solve on their own. Moreover, cleaning personnel

8 are subject to termination for violating Handybook rules. Each Handybook cleaning person

9 must work the first six hours of their employment without any compensation, and is not

10 paid for the first 15 minutes of each job, since they must report 15 minutes early at the

11 residence and are not paid for that time. Moreover, all Handybook cleaning personnel are

12 required to pay for their own cleaning supplies, and are otherwise required to bear their own

13 business expenses. Nor are Handybook personnel given rest or meal breaks, or furnished

14 with itemized wage statements.

15       22.    As stated above, Plaintiff and the Class were given no employee benefits and

16 were not reimbursed for their employment-related expenses. Further, Plaintiff and other

17 Class Members are no longer working for Defendant, and at the time of their termination or

18 within seventy-two (72) hours of their resignation were not paid all wages owed, and were

19 not paid said wages for thirty (30) days thereafter, thus entitling them to penalties under

20 Labor Code § 203.

21       23.    Plaintiff and the Class Members are and at all times pertinent hereto have

22 been non-exempt employees within the meaning of the California Labor Code and the

23 implementing rules and regulations of the IWC Wage Orders, in that Defendant directly or

24 indirectly employed or exercised control over the wages, hours, and working conditions of

25 Plaintiff and the Class Members.

26       24.    At all times relevant hereto, and at some time during the period from four (4)

27 years prior to the filing of this action and continuing to the present, Defendant has

28 employed the cleaning personnel, including Plaintiff, pursuant to a sham "independent

KNAPP,
PETERSEN
& CLARKE

-6-
*FIRST AMENDED COMPLAINT*

2128905.1 08000/00997

1    contractor" arrangement, which is an unenforceable adhesion contract. Pursuant to the sham

2    independent contractor agreement, Defendants, and each of them, fail to pay all wages due

3    to the cleaning personnel, nor did they or do they provide to the cleaning personnel any of

4    the other fundamental entitlements guaranteed by the law to all California employees,

5    including, but not limited to, state unemployment and disability insurance, worker's

6    compensation insurance, and/or payment of employee payroll taxes to secure the class

7    members future eligibility for social security benefits.

8        25.    Plaintiff and the Class Members were regularly required to work in excess of

9    five (5) hours per day without being provided a thirty (30) minute meal period, and were

10   routinely required to work in excess of four (4) hours in each day without being provided

11   statutorily prescribed rest breaks.

12       26.    Defendant did not fully compensate Plaintiff and the Class for Defendants'

13   failure to provide meal and rest periods during the liability period.

14       27.    Defendants' requirement that Plaintiff and the Class work through meal and

15   rest periods without paying legal compensation for their failure to provide meal and rest

16   periods during the liability period was willful and deliberate.

17       28.    Defendants willfully failed to pay one (1) hour of wages at the employee's

18   regular rate of compensation for each meal or rest period Defendants failed to provide.

19       29.    Defendants have failed to comply with IWC Wage Order 4-2001(7) and/or 2-

20   2001 (7) and Labor Code Section 226 by failing to maintain time records showing when the

21   employee begins and ends each work period, meal periods, and total daily hours worked by

22   itemizing in wage statements all deductions from payment of wages and accurately

23   reporting total hours worked and total compensation earned as well as the rate of pay by

24   Plaintiff and the members of the Class.

25       30.    Defendants required Handybook cleaning personnel to wear a company

26   uniform, and buy their own cleaning equipment, as a condition of employment, but

27   Defendants failed to appropriately reimburse Plaintiff and the Class for these employment-

28   related expenses (and other employment related expenses) as required by Labor Code

KNAPP,
PETERSEN
& CLARKE

1 § 2802.

2   31. Plaintiff and the Class are covered by California Industrial Welfare

3 Commission Occupational Wage Order No. 2-2001, or 4-2001.

4 **CLASS ACTION ALLEGATIONS**

5   32. Plaintiff brings this action on her own behalf, and on behalf of the class of all

6 persons similarly situated.

7   33. Plaintiff seeks to represent a class defined as follows: All persons who are

8 employed or have been employed by Defendants within the State of California as cleaning

9 personnel for Defendants' customers from four years prior to the filing of this action up to

10 and including the entry of an appropriate class certification order.

11   34. This action is maintainable by Plaintiff as a class action under § 382 of the

12 Code of Civil Procedure because the questions of law and fact common to the Class

13 Members predominate over any questions affecting individual members and, on balance, a

14 class action is superior to other methods available for adjudicating the controversy. There

15 is as well-defined community of interest in the litigation and the Class is easily

16 ascertainable.

17   a. Numerosity:  The potential members of the Class as defined are so numerous

18 that the individual joinder of all members is impractical under the circumstances of this

19 case. Although the exact number of Class Members is unknown to Plaintiff at this time,

20 Plaintiff is informed and believes and thereon alleges that during the relevant time period

21 Defendant employed over 250 Handybook "maids" within the State of California. Plaintiff

22 alleges that Defendant's employment records would provide information as to the precise

23 number and location of all Class Members. Joinder of all members of the Class is not

24 practicable.

25   b. Commonality:  The common questions are such that proof of a statement of

26 facts common to the members of the Class will entitle each member of the Class to the

27 relief requested in this Complaint. There are questions of law and fact presented herein

28 which are common to the entire Class of persons represented by Plaintiff, and which

KNAPP,
PETERSEN
& CLARKE

-8-
*FIRST AMENDED COMPLAINT*

2128905.1  08000/00007

1 | predominate over any individual issues, including, but not limited to:

2 |      (i)    Whether Defendants failed to pay wages (including minimum wage and

3 | overtime compensation) for all hours worked at the proper rate, and when such payments

4 | were due, as required by the Labor Code and Wage Orders;

5 |      (ii)    Whether Defendants failed to pay minimum wages as required by Labor Code

6 | § 1197.1;

7 |      (iii)    Whether Defendants failed to provide meal and rest periods to Class

8 | Members in violation of California law, and whether Defendants unlawfully failed to pay

9 | Class Members one (1) hour of wages for each meal and rest period not provided;

10 |      (iv)    Whether Defendants unlawfully failed to provide Class Members with

11 | accurate itemized wage statements;

12 |      (v)    Whether Defendants failed to properly reimburse expenses incurred on the

13 | Defendants' behalf;

14 |      (vi)    Whether Defendants violated §§ 201-203 of the Labor Code by failing to pay

15 | compensation due and owing at the time that any Class Member's employment with

16 | Defendants terminated;

17 |      (vii)    Whether Defendants violated Labor Code §§ 221-224, and 400-410 by

18 | requiring that Plaintiff's and the Class Members' work the initial six hours of their

19 | employment for free in order to reimburse Defendants for the equipment which Class

20 | Members used in connection with their employment;

21 |      (viii)  Whether Defendants violated § 17200 et seq. of the Business & Professions

22 | Code by engaging in the acts previously alleged;

23 |      (ix)    Whether Plaintiff and the members of the Class are entitled to equitable relief

24 | pursuant to Business & Professions Code § 17200, et seq.;

25 |      (x)    Whether Defendant willfully classified the cleaning personnel as independent

26 | contractors;

27 |      c.    <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class Members.

28 | Plaintiff and the members of the Class sustained damages arising out of Defendants'

KNAPP,
PETERSEN
& CLARKE

1  common practices set forth above. Plaintiff and the Class Members performed the same

2  duties and had the same responsibilities.

3      d.    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the

4  interest of each Class Member.  Plaintiff has no interest that is adverse to the interests of the

5  other Class Members. Counsel who represent Plaintiff are competent and experienced in

6  litigating wage and hour and employment class actions.

7      e.    Superiority: Class action adjudication is superior to the other available

8  methods because a class action will achieve economics of time, effort and expense as

9  compared to separate lawsuits, and will avoid inconsistent outcomes because the same

10  issues can be adjudicated in the same manner for the entire Class.

11                    **FIRST CAUSE OF ACTION**

12                **FAILURE TO PAY MINIMUM WAGES**

13      35.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

14  re-alleges said allegations as though fully set forth herein.

15      36.    Plaintiff and the Class Members were never paid minimum wages for all

16  hours worked pursuant to Labor Code §§ 1197 and 1197.1. Moreover, Defendants violated

17  the provisions of Labor Code Sections 221-224 by deducting expenses from employee

18  compensation which were incurred by the employees in connection with their employment

19  duties, thereby reducing compensation below minimum wage.

20      37.    As a result of the unlawful acts of Defendants, Plaintiff and the Class have

21  been deprived of wages in amounts to be determined at trial, and are entitled to recovery of

22  such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to

23  Labor Code § 1194.

24                    **SECOND CAUSE OF ACTION**

25        **LIQUIDATED DAMAGES PURSUANT TO LABOR CODE § 1194.2**

26      38.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

27  re-alleges said allegations as though fully set forth herein.

28      39.    During the course of their employment with Defendant, Plaintiff and the

KNAPP,
PETERSEN
& CLARKE

-10-
*FIRST AMENDED COMPLAINT*

1 │ Class were not at all times paid the minimum wage, in that Plaintiff and the class were not

2 │ compensated at all for the initial six hours that they worked for Defendants, were not paid

3 │ while they travelled from job to job, and were not paid for the initial 15 minutes of each job

4 │ since they were required to show up 15 minutes early and were not paid for this time.

5 │ Pursuant to Labor Code § 1194.2, Plaintiff and the Class are entitled to a penalty equal to

6 │ the amount paid less than minimum wage.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

9 │     40.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

10 │ preceding allegations of the complaint.

11 │     41.    California Labor Code section 1198 and the applicable Industrial Welfare

12 │ Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

13 │ compensating them at a rate of pay either time-and-one-half or two-times that person's

14 │ regular rate of pay, depending on the number of hours worked by the person on a daily or

15 │ weekly basis.

16 │     42.    Specifically, the applicable IWC Wage Order provides that Defendants are

17 │ and were required to pay Plaintiff and class members employed by Defendants, and

18 │ working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at

19 │ the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or

20 │ more than forty (40) hours in a workweek.

21 │     43.    The applicable IWC Wage Order further provides that Defendants are and

22 │ were required to pay Plaintiff and class members employed by Defendants, and working

23 │ more than twelve (12) hours in a day, overtime compensation at a rate of two times their

24 │ regular rate of pay.

25 │     44.    California Labor Code section 510 codifies the right to overtime

26 │ compensation at one-and-one-half times the regular hourly rate for hours worked in excess

27 │ of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours

28 │ worked on the seventh day of work, and to overtime compensation at twice the regular

KNAPP,
PETERSEN
& CLARKE

-11-

*FIRST AMENDED COMPLAINT*

1   hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight

2   (8) hours in a day on the seventh day of work.

3         45.     During the relevant time period, Plaintiff and the class worked in excess of

4   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

5   (40) hours in a week.

6         46.     During the relevant time period, Defendants willfully failed to pay all

7   overtime wages owed to Plaintiff and class members.

8         47.     Defendants' failure to pay Plaintiff and other class members the unpaid

9   balance of overtime compensation, as required by California laws, violates the provisions of

10   California Labor Code sections 510 and 1198, and is therefore unlawful.

11         48.     Pursuant to California Labor Code section 1194, Plaintiff is entitled to

12   recover his or her unpaid overtime compensation, as well as interest, costs, and attorneys'

13   fees.

14                            **FOURTH CAUSE OF ACTION**

15                      **FAILURE TO PROVIDE MEAL PERIODS**

16         49.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

17   re-alleges said allegations as though fully set forth herein.

18         50.     During all times relevant herein, Defendants unlawfully required Plaintiff and

19   the Class Members to work for more than five (5) hours without providing them a meal

20   period of at least thirty (30) minutes, in violation of Labor Code §§ 226.7 and 512.

21         51.     Therefore, Plaintiff prays for the relief provided by Labor Code § 226.7 in the

22   amount equal to an additional one (1) hour of pay at the employee's regular rate of

23   compensation for each day that a meal period was not provided.

24         52.     Plaintiff is also entitled to costs and attorneys' fees pursuant to California

25   Labor Code sections 226.7 and 512(a), and any other applicable statute or law.

26   ///

27   ///

28   ///

KNAPP,
PETERSEN
& CLARKE

-12-
*FIRST AMENDED COMPLAINT*

2128905.1  08000/00997

# FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

53.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the preceding allegations of the complaint.

54.     At all relevant times herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's employment by Defendants.

55.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

56.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

57.     During the relevant time period, Defendants required Plaintiff and the class to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

58.     During the relevant time period, Defendants willfully required Plaintiff and the class to work during rest periods.

59.     During the relevant time period, Defendants failed to pay Plaintiff and the class the full rest period premium due pursuant to California Labor Code section 226.7.

60.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code section 226.7.

61.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and each class member is entitled to recover from Defendants one additional hour of pay at his or her regular hourly rate of compensation for each work day that any rest period was not provided.

KNAPP,
PETERSEN
& CLARKE

-13-
*FIRST AMENDED COMPLAINT*

2128905.1  08000/00097

62.     Plaintiff is also entitled to costs and attorneys' fees pursuant to California Labor Code sections 226.7 and 512(a), and any other applicable statute or law.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EXPENSES

63.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint and re-alleges said allegations as though fully set forth herein.

64.     Labor Code §§ 2800-2802 require employers to indemnify employees for all necessary expenditures incurred by the employee in the discharge of his or her duties. Moreover, Labor Code Sections 400-410 prohibit an employer from imposing a bond on an employee.

65.     At all relevant times herein, Defendants required Plaintiff and the Class to purchase and maintain uniforms and otherwise pay for other business expenses such as supplies, equipment and expenses incurred in connection with travelling from job to job. Defendants required Plaintiff and the Class to bear the burden of purchasing these employment related expenses.

66.     As a result, Defendants are liable to Plaintiff and the Class for the amounts expended in purchasing the uniforms and accessories, plus interest, penalties, and attorney's fees and costs, pursuant to Labor Code §§ 400-410, and 2800-2802.

## SEVENTH CAUSE OF ACTION

## WAITING TIME PENALTIES

67.     Plaintiff hereby incorporates the preceding paragraphs of this Complaint and re-alleges said allegations as though fully set forth herein.

68.     California Labor Code § 203 states, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

KNAPP,
PETERSEN
& CLARKE

69.    Numerous members of the Class, including Plaintiff, are no longer employed by Defendants.  They were either fired or quit Defendant's employ.

70.    Defendants' failure to pay wages, as alleged above, was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

71.    Defendants have failed to pay Plaintiff and other Class Members a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, Plaintiff and the members of the Class are entitled to a penalty in the amount of Plaintiff's and other's daily wage multiplied by thirty (30) days.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS**

72.    Plaintiff hereby incorporates the preceding paragraphs of this Complaint and re-alleges said allegations as though fully set forth herein.

73.    California Labor Code § 226(a)(2) states, in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission.

74.    At all relevant times herein, Defendants violated Labor Code § 226(a) (2) by not providing accurate itemized statement(s) to Plaintiff and the Class Members.

75.    Plaintiff prays for the greater of actual damages or the civil penalty of fifty dollars ($50) for each aggrieved employee within the Class per pay period for the initial

KNAPP,
PETERSEN
& CLARKE

-15-
*FIRST AMENDED COMPLAINT*

1  violation and one hundred dollars ($100) for each aggrieved employee within the Class per

2  pay period for each subsequent violation as provided for in Labor Code § 226, as well as

3  attorneys' fees, costs, and appropriate injunctive relief.

4  **NINTH CAUSE OF ACTION**

5  **UNFAIR COMPETITION**

6  76. Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

7  re-alleges said allegations as though fully set forth herein.

8  77. At all times relevant herein, Defendants violated the above-cited provisions of

9  the California Labor Code and the applicable IWC Wage Orders.

10  78. In addition, Defendants have repeatedly misrepresented to the members of the

11  Class that they were exempt from coverage of the above-cited IWC Wage Orders and/or

12  California laws regarding, e.g., minimum wage, overtime, meal and rest periods,

13  reimbursement of expenses, and other incidents of employment which defendants

14  misrepresented that Plaintiff and the class were not entitled to. These representations were

15  false and fraudulent and designed to prevent Plaintiff and the Class Members from pursuing

16  their legal remedies, and have resulted in Plaintiff and the Class Members being required to

17  pay self-employment tax on monies earned due to their independent contractor status.

18  79. Defendants' conduct, as alleged in this Complaint, constitutes an unlawful,

19  unfair and fraudulent business act or practice in violation of the provisions of Business &

20  Professions Code § 17200, et seq.

21  80. Therefore, Plaintiff demands restitution of all sums due and owing to her and

22  the Class. Plaintiff also demands injunctive relief to prevent the continuing violations of

23  the wage and hour violations identified in this Complaint.

24  **TENTH CAUSE OF ACTION**

25  **PAGA PENALTIES**

26  81. Plaintiff hereby incorporates the preceding paragraphs of this Complaint and

27  re-alleges said allegations as though fully set forth herein.

28  82. As a result of the acts alleged above, Plaintiff seeks penalties under Labor

KNAPP,
PETERSEN
& CLARKE

-16-

*FIRST AMENDED COMPLAINT*

1 Code §§ 2698 and 2699 because of Defendants' violation of Labor Code §§ 201, 202, 203,

2 204, 221, 226, 226.7, 226.8, 512, 1194.2,1197.1, and 2753, and 2810.5.

3      83.    For each such violation, Plaintiffs and the aggrieved employees are entitled to

4 penalties in an amount to be shown at the time of trial subject to the following formula:

5      84.    $100 for the initial violation per employee per pay period;

6      85.    $200 for each subsequent violation per employee per pay period.

7      86.    However, Labor Code §§ 226.8 and 2753 permit a penalty of no less than

8 $5,000 and no more than $25,000, for each violation described therein, as well as additional

9 relief described therein. Here, Plaintiff and the aggrieved employees were willfully

10 misclassified as independent contractors. Moreover, business expenses were deducted from

11 the wages of Plaintiff and the aggrieved employees, by the tactic of not paying them for the

12 first six hours Plaintiff and the aggrieved employees worked.

13      87.    The penalties sought herein shall be allocated seventy-five percent (75%) to

14 the Labor and Workforce Development Agency and twenty-five percent (25%) to the

15 affected employees.

16      88.    Also, Labor Code section 2810.5 provides that at the time of hiring, the

17 employer shall provide to each employee written notice containing the following

18 information: a) the rate of pay, b) allowances, if any, claimed as part of the minimum wage,

19 c) the regular payday, d) the name of the employer, e) the physical address of the employer,

20 f) the telephone number of the employer, and g) the employer's workers' compensation

21 insurance carrier.

22      89.    Defendants did not comply with Labor Code section 2810.5 with regard to

23 Plaintiff or any of the class members.

24      90.    Therefore, PAGA penalties apply pursuant to Labor Code section 2699(f).

25      91.    Also, Plaintiff and the class members are entitled to attorney fees and costs

26 pursuant to Labor Code section 2699(g).

27 ///

28 ///

KNAPP,
PETERSEN
& CLARKE

-17-

*FIRST AMENDED COMPLAINT*

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, individually and on behalf of a Class of similarly situated persons, demands judgment against Defendants, and each of them, as hereinafter set forth:

1. For an order certifying this action as a class action and appointing Plaintiff's counsel as Counsel for the Class;

2. For payment of all minimum wages, and overtime compensation, on behalf of all employees who worked for Defendants, and for penalties pursuant to Labor Code § 1194.2;

3. For the reimbursement of employment-related expenses pursuant to Labor Code §§ 400-410, and 2800-2802, in an amount to be proven at trial;

4. For penalties pursuant to Labor Code § 203 for Plaintiff and all Class Members who quit or were terminated equal to their daily wage multiplied by thirty (30) days;

5. For restitution of all wages or other sums owed to Plaintiff and the Class and for any sums unlawfully deducted from compensation otherwise payable to Plaintiff and the Class Members in violation of Labor Code §§ 210, 221-224, and Labor Code §§ 2800-2802 and 400-410;

6. An order enjoining Defendants and their agents, servants, and employees, and all persons acting under or in concert with them, from failing to provide Plaintiff and the Class with proper minimum wages, meal periods and rest periods in violation of Labor Code §§ 226.7, 512, and 1194, and IWC Wage Order 4-2001;

7. For all relief provided for by Labor Code Section 226.7 based on failure to furnish meal and rest periods;

8. For all relief provided for by Labor Code Section 226 for failure to furnish accurate itemized wage statements, including damages, or penalties, injunctive relief, attorneys' fees and costs;

9. For pre-judgment interest at the rate of ten percent per annum;

10. For reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5,

KNAPP,
PETERSEN
& CLARKE

-18-
*FIRST AMENDED COMPLAINT*

2128005.1 08000/00097

1 | 226, 226.7, 512, 1194, and 2800-2802, California Code of Civil Procedure § 1021.5, or

2 | pursuant to the Common Fund Theory of Recovery;

3 |       11.    For penalties pursuant to Labor Code § 2699 pursuant to the statutory formula

4 | per Labor Code violation;

5 |       12.    For reasonable attorneys' fees pursuant to Labor Code § 2699;

6 |       13.    For costs of this suit; and

7 |       14.    For any other and further relief the court deems just and proper.

8 | **DEMAND FOR JURY TRIAL**

9 | Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

10 | Dated: October 10, 2014           KNAPP, PETERSEN & CLARKE

11 |

12 | By: _____

13 | Stephen M. Harris
Attorneys for Plaintiff

14 | LULU MALONE, individually and on behalf of a class of similarly situated individuals

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

KNAPP,
PETERSEN
& CLARKE

-19-

*FIRST AMENDED COMPLAINT*

**Exhibit D**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephen M. Harris (SBN 110626)<br>Knapp, Petersen & Clarke<br>550 North Brand Boulevard, Suite 1500<br>Glendale, CA 91203<br>TELEPHONE NO.: 818-547-5000    FAX NO. *(Optional):* 818-547-5329<br>E-MAIL ADDRESS *(Optional):* smh@kpclegal.com<br>ATTORNEY FOR *(Name):* Plaintiff LULU MALONE, etc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 600 SOUTH COMMONWEALTH AVENUE
MAILING ADDRESS: 600 SOUTH COMMONWEALTH AVENUE
CITY AND ZIP CODE: LOS ANGELES, CA 90005
BRANCH NAME: CENTRAL CIVIL WEST

| | |
|---|---|
| PLAINTIFF/PETITIONER: Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals<br>DEFENDANT/RESPONDENT: HANDYBOOK, INC., a Delaware corporation; HANDY, a business entity form unknown; and DOES 2-100, inclusive | CASE NUMBER:<br>BC555367 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☐ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Summons on First Amended Complaint; First Amended Class Action Complaint; Amendment to Complaint (Doe 1)
3. a. Party served *(specify name of party as shown on documents served):*
      Handy, a business entity form unknown

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CT Corporation System - Registered Agent for Service of Process
4. Address where the party was served: 155 Federal Street, Suite 700, Boston, MA 02110

5. I served the party (check proper box)
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*              at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*                  or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals<br>DEFENDANT/RESPONDENT: HANDYBOOK, INC., etc., et al. | CASE NUMBER:<br>BC555367 |
|---|---|

5.  c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* October 14, 2014      (2) from *(city):* Glendale, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☒ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☒ On behalf of *(specify):* Handy, a business entity form unknown

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: a business entity, form unknown |

7. **Person who served papers**

  a. Name: Stephen M. Harris

  b. Address: 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203

  c. Telephone number: 818-547-5000

  d. **The fee for service was: $**

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 14, 2014

Stephen M. Harris
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

American LegalNet, Inc.<br>www.FormsWorkflow.com

FIRST · CLASS   FIRST · CLASS   FIRST · CLASS   FIRST · CLASS

Handy

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7012 2210 0000 2417 3646

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Postmark
Here

Sent to  CT Corp System

Street, Apt. No.;  155 Federal St. # 700
or PO Box No.

City, State, ZIP+4  Boston, MA 02110

PS Form 3800, August 2006     See Reverse for Instructions

7012 2210 0000 2417 3646

CERTIFIED MAIL™

---

A PROFESSIONAL CORPORATION

CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922

CLASS MAIL

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Stephen M. Harris (SBN 110626) <br> Knapp, Petersen & Clarke <br> 550 North Brand Boulevard, Suite 1500 <br> Glendale, CA 91203 <br> TELEPHONE NO.: 818-547-5000    FAX NO. *(Optional):* 818-547-5329 <br> E-MAIL ADDRESS *(Optional):* smh@kpclegal.com <br> ATTORNEY FOR *(Name):* Plaintiff LULU MALONE, etc. | *FOR COURT USE ONLY* |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** <br> STREET ADDRESS: 600 SOUTH COMMONWEALTH AVENUE <br> MAILING ADDRESS: 600 SOUTH COMMONWEALTH AVENUE <br> CITY AND ZIP CODE: LOS ANGELES, CA 90005 <br> BRANCH NAME: CENTRAL CIVIL WEST | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals <br> DEFENDANT/RESPONDENT: HANDYBOOK, INC., a Delaware corporation; HANDY, a business entity form unknown; and DOES 2-100, inclusive | CASE NUMBER: <br> BC555367 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   - a. ☐ summons
   - b. ☐ complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☒ other *(specify documents):* Summons on First Amended Complaint; First Amended Class Action Complaint; Amendment to Complaint (Doe 1)

3. a. Party served *(specify name of party as shown on documents served):* <br> Handybook, Inc., a Delaware corporation

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* <br> CT Corporation System - Registered Agent for Service of Process

4. Address where the party was served: 155 Federal Street, Suite 700, Boston, MA 02110

5. I served the party (check proper box)
   - a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*      (2) at *(time):*
   - b. ☐ **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Plaintiff LULU MALONE, individually and on behalf of a class of similarly situated individuals<br>DEFENDANT/RESPONDENT: HANDYBOOK, INC., etc., et al. | CASE NUMBER:<br>BC555367 |
|---|---|

5.  c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* October 14, 2014        (2) from *(city):* Glendale, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☒ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Handybook, Inc., a Delaware corporation
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a. Name: Stephen M. Harris
  b. Address: 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203
  c. Telephone number: 818-547-5000
  d. The fee for service was: $
  e. I am:
    (1) ☒ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: October 14, 2014

Stephen M. Harris
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

American LegalNet, Inc.<br>www.FormsWorkflow.com

Handybook 10/14/14

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
155 Federal Street
Suite 700
Boston, MA 02110

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7012 2210 0000 2417 3639

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1640

---

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage  $    Knop CT15

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Sent To  CT Corp System
Street, Apt. No.; or PO Box No.  155 Federal St # 700
City, State, ZIP+4  Boston, MA 02110

PS Form 3800, August 2006    See Reverse for Instructions

7012 2210 0000 2417 3639

CERTIFIED MAIL

---

CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922

FIRST CLASS MAIL

# Exhibit E

1  Stephen M. Harris, Bar No. 110626
   smh@kpclegal.com
2  KNAPP, PETERSEN & CLARKE
   550 North Brand Boulevard, Suite 1500
3  Glendale, California 91203-1922
   Telephone:  (818) 547-5000
4  Facsimile:  (818) 547-5329

5  Robert L. Starr, Bar No. 183052
   robert@starrlawmail.com
6  THE LAW OFFICES OF ROBERT L. STARR
   23277 Ventura Boulevard
7  Woodland Hills, California 91364-1002
   Telephone: (818) 225-9040
8  Facsimile: (818) 225-9042

9  Attorneys for Plaintiff
   LULU MALONE, individually and on behalf of a class
10 of similarly situated individuals

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

13

14 LULU MALONE, individually and on behalf    ) NO.    BC555367 [CLASS ACTION]
   of a class of similarly situated individuals,  ) [DESIGNATED COMPLEX]
15                                              )
                  Plaintiff,                    ) Assigned for All Purposes to
16       v.                                     ) the Hon. John Shepard Wiley, Jr. - Dept.
                                                ) 311
17 HANDYBOOK, INC., a Delaware                 )
   corporation; HANDY, a business entity form  ) Date:              December 10, 2014
18 unknown; and DOES 2-100, inclusive,        ) Time:                      2:00 p.m.
                                                ) Dept.:                         311
19                Defendants.                   )
                                                ) Date Action Filed:    August 21, 2014
20                                              )
                                                ) NOTICE OF INITIAL STATUS
21 _____) CONFERENCE

22

23       TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE that the Court determined this case to be complex

25 according to Rule 3.400 of the California Rules of Court.  The Court stays this case except

26 for service of summons and complaint.  Parties must file a notice of appearance in lieu of an

27 answer or other responsive pleading.  The stay continues at least until the initial status

28 conference scheduled on December 10, 2014, at 2:00 p.m. in Dept. 311 of the

KNAPP,
PETERSEN
& CLARKE

-1-
NOTICE OF INITIAL STATUS CONFERENCE

1 | above-entitled Court located at 600 South Commonwealth Avenue, Los Angeles, CA

2 | 90005.

3 |     PLEASE TAKE FURTHER NOTICE that each party shall pay a fee of $1,000

4 | payable to the Los Angeles Superior Court.

5 |     Copies of the Court's minute order and class action initial status conference order

6 | are attached to this notice.

7 | Dated:  October 16, 2014

KNAPP, PETERSEN & CLARKE

By: _____
Stephen M. Harris
Attorneys for Plaintiff
LULU MALONE, individually and on
behalf of a class of similarly situated
individuals

KNAPP,
PETERSEN
& CLARKE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 10/07/14 | DEPT. 311 |
| HONORABLE JOHN SHEPARD WILEY JR      JUDGE | M. CERVANTES      DEPUTY CLERK |
| HONORABLE                              JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| ADD ON      C. JONES, C.A.      Deputy Sheriff | NONE      Reporter |

| | | |
|---|---|---|
| BC555367 | | Plaintiff Counsel |
| LULU MALONE | | |
| | VS | Defendant Counsel |
| HANDYBOOK INC | | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to
be Complex according to Rule 3.400 of the California
Rules of Court. The Clerk's Office has randomly
assigned this case to this department for all
purposes.

By this order, the Court stays the case, except
for service of the Summons and Complaint. The stay
continues at least until the Initial Status
Conference. Initial Status Conference is set for
December 10, 2014, at 2:00 p.m. in Department 311.
At least 10 days prior to the Initial Status
Conference, counsel for all parties must discuss
the issues set forth in the Initial Status Conference
Order issued this date. The Initial Status Conference
Order is to help the Court and the parties manage this
complex case by developing an orderly schedule for
briefing, discovery, and court hearings. The parties
are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further
Order of the Court. Parties must file a Notice of
Appearance in lieu of an Answer or other responsive
pleading. The filing of a Notice of Appearance shall
not constitute a waiver of any substantive or
procedural challenge to the Complaint. Nothing in this
order stays the time for filing an Affidavit of

MINUTES ENTERED
10/07/14
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/07/14                                                    DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR      JUDGE      M. CERVANTES      DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
ADD ON
         C. JONES, C.A.      Deputy Sheriff   NONE                     Reporter

|  |  |  |
|---|---|---|
| BC555367 | Plaintiff Counsel |  |
| LULU MALONE | | |
| VS | Defendant Counsel | |
| HANDYBOOK INC | NO APPEARANCES | |

**NATURE OF PROCEEDINGS:**

Prejudice pursuant to Code of Civil Procedure Section
170.6.

Counsel are directed to access the following link for
information on procedures in the Complex Litigation
Program courtrooms:

http://courtnet/internet/civil/UI/
ToolsForLitigators2.aspx

According to Government Code Section 70616
subdivisions (a) and (b), each party shall pay a fee
of $1,000.00 to the Los Angeles Superior Court within
10 calendar days from this date.

The plaintiff must serve a copy of this minute order
and the attached Initial Status Conference Order
on all parties forthwith and file a Proof of Service
in this department within seven days of service.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order and
INITIAL STATUS CONFERENCE ORDER
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,

MINUTES ENTERED
10/07/14
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 10/07/14                                                          DEPT. 311

HONORABLE JOHN SHEPARD WILEY JR    JUDGE    M. CERVANTES         DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR
ADD ON
               C. JONES, C.A.    Deputy Sheriff    NONE              Reporter

---

BC555367                          Plaintiff
                                  Counsel
LULU MALONE
                 VS               Defendant
                                  Counsel
HANDYBOOK INC
                                          NO APPEARANCES

---

**NATURE OF PROCEEDINGS:**

California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: October 7, 2014

Sherri R. Carter, Executive Officer/Clerk


By: _____
         M. Cervantes, Deputy Clerk



Stephen M. Harris
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922


Page    3 of    3    DEPT. 311

MINUTES ENTERED
10/07/14
COUNTY CLERK

1
2
3
4
5
6
7
8

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

OCT 07 2014

Sherri R. Carter, Executive Officer/Clerk
By: Martha Cervantes, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| LULU MALONE<br>         **Plaintiff,**<br><br>         Vs<br><br>HANDYBOOK, INC.<br>         **Defendants.** | Case No.: BC555367<br><br>**CLASS ACTION**<br>INITIAL STATUS CONFERENCE ORDER<br><br>Case Assigned for All Purposes to<br>Judge John Shepard Wiley Jr.<br><br>Department: 311<br>Date:   12/10/14<br>Time:   2:00 PM |

This case has been assigned for all purposes to Judge John Shepard Wiley Jr. complex

Litigation Program.  An Initial Status Conference is set for  12/10/14  at  2:00 PM in Department

311 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los

Angeles, California 90005.  Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and

discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to

initiate contact with counsel for defense to begin this process. Counsel then must negotiate and

agree, as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status

Conference Class Action Response Statement five court days before the Initial Status Conference.

The Joint Response Statement must be filed on line-numbered pleading paper and must

specifically answer each of the below-numbered questions.  Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1.  PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2.  POTENTIAL ADDITIONAL PARTIES:**  Does any plaintiff presently intend to add more class representatives?  If so, and if known, by what date and by what name?  Does any plaintiff presently intend to name more defendants?  If so, and if known, by what date and by what name?  Does any appearing defendant presently intend to file a cross-complaint?  If so, who will be named.

**3.  IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person or entity, please explain.

**4.  ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, please explain.  No prejudice will attach to these responses.

**5.  ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

**6.  OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

**7.  POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please include a sample of any clause of this sort.  Opposing parties must summarize their views on this issue.

**8.  POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel are to identify and describe the significant core issues in the case.  Counsel then is to identify efficient ways to

-2-

resolve those issues.  The vehicles include:

- ■ Motion to Compel Arbitration,

- ■ Early motions in limine,

- ■ Early motions about particular jury instructions and verdict forms,

- ■ Demurrers,

- ■ Motions to strike,

- ■ Motions for judgment on the pleadings, and

- ■ Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty.[1]  Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9.  CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10.  PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11.  DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can

---

[1] See Code Civ. Proc. § 437c, subd. (s)

INITIAL STATUS CONFERENCE ORDER

the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose.[2]

**12.  INSURANCE COVERAGE:**  Please state (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues that might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program

---

[2] See Code Civ. Proc. § 437c, subd. (s)

-4-

requires the parties in every new case to use a third-party cloud service, such as:

- Case Anywhere (www.caseanywhere.com),

- CaseHomePage (www.casehomepage.com), or

- Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Class Action Response Statement. If there is agreement, please identify the vendor. If parties cannot agree, the court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Only traditional methods of filing by physical delivery of original papers or by fax filing are presently acceptable.

**Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, *these proceedings are stayed in their entirety*. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, any defendant may file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

---

[3] California Rule of Court, Rule 3.770(a)

1 | challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice
2 | to the filing of any cross-complaint in this action.  This stay is issued to assist the Court and the
3 | parties in managing this "complex" case through the development of an orderly schedule for
4 | briefing and hearings on procedural and substantive challenges to the complaint and other issues
5 | that may assist in the orderly management of these cases.  This stay shall not preclude the parties
6 | from informally exchanging documents that may assist in their initial evaluation of the issues
7 | presented in this case, however shall stay all outstanding discovery requests.
8 |
9 |     Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on
10 | counsel for all parties, or if counsel has not been identified, on all parties, within five days of
11 | service of this order.  If any defendant has not been served in this action, service is to be
12 | completed within twenty days of the date of this order.

Dated: **OCT 0 7 2014** _____

**JOHN SHEPARD WILEY JR.**
_____
Judge of the Los Angeles Superior Court

INITIAL STATUS CONFERENCE ORDER

**PROOF OF SERVICE**
**Malone v. Handybook, Inc.**
**BC555367**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922. On October 16, 2014, I caused the foregoing document(s) described as NOTICE OF INITIAL STATUS CONFERENCE to be served on the interested parties in this action as follows:

By placing a true copy thereof enclosed in a sealed envelope(s) addressed as stated on the attached mailing list.

☒ **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 16, 2014, at Glendale, California.

Marlinda Ochoa
(Type or print name)                                    (Signature)

KNAPP,
PETERSEN
& CLARKE

1

## SERVICE LIST
## Malone v. Handybook, Inc.
## BC555367

2

3

| | |
|---|---|
| CT Corporation System<br>155 Federal Street, Suite 700<br>Boston. MA 02110 | Registered Agent for Service of Process for Handybook, Inc., a Delaware corporation; and Handy |
| Handybook, Inc., a Delaware corporation<br>134 West 29th Street, 5th Floor<br>New York. NY 10001 | Defendant |
| Handy, a business entity form unknown<br>134 West 29th Street, 5th Floor<br>New York. NY 10001 | Defendant |
| Robert L. Starr, Esq.<br>The Law Offices of Robert L. Starr<br>23277 Ventura Boulevard<br>Woodland Hills. CA 91364-1002 | Tel: 818-225-9040<br>Fax: 818-225-9042<br>robert@starrlawmail.com<br>Co-Counsel for Plaintiff |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KNAPP,
PETERSEN
& CLARKE

**Exhibit F**



1   JOANNA L. BROOKS, Bar No. 182986
    LITTLER MENDELSON, P.C.
2   Treat Towers
    1255 Treat Boulevard, Suite 600
3   Walnut Creek, CA 94597
    Telephone:  925.932.2468
4   Fax No.:    925.946.9809

5   ANDREW M. SPURCHISE, Bar No. 245998
    ROXANNA IRAN, Bar No. 273625
6   MEL M.C. COLE, Bar No. 293265
    LITTLER MENDELSON, P.C.
7   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
8   Telephone:  415.433.1940
    Fax No.:    415.399.8490

9

10  Attorneys for Defendant
    HANDY TECHNOLOGIES, INC.
11  (D/B/A HANDY F/K/A HANDYBOOK, INC.)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOV 1 3 2014**

Sherri R. Carter, Executive Officer/Clerk
By: Cathy Randle Jones, Deputy

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13        COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

14  LULU MALONE, individually and on
    behalf of a class of similarly situated
15  individuals,

16           Plaintiff,

17        v.

18  HANDYBOOK, INC., a Delaware
    corporation; HANDY, a business entity
19  form unknown; and DOES 1-100,
    inclusive,

20           Defendants.

Case No. BC555367

**DEFENDANT HANDY TECHNOLOGIES,
INC.'S NOTICE OF APPEARNCE**

Trial Date: None set.
Complaint Filed: August 21, 2014
FAC Filed: October 10, 2014

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. BC555367

DEFENDANT'S NOTICE OF APPEARANCE

**TO THE COURT AND PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to the Court's Initial Status Conference Order issued October 16, 2014, Defendant HANDY TECHNOLOGIES, INC. (D/B/A HANDY F/K/A HANDYBOOK, INC.) hereby files this Notice of Appearance identifying the following attorneys as the attorneys who will be representing it in the above-captioned action:

> JOANNA L. BROOKS, Bar No. 182986
> LITTLER MENDELSON, P.C.
> Treat Towers
> 1255 Treat Boulevard, Suite 600
> Walnut Creek, CA 94597
> Telephone:    925.932.2468
> Fax No.:    925.946.9809
>
> ANDREW M. SPURCHISE, Bar No. 245998
> ROXANNA IRAN, Bar No. 273625
> MEL M.C. COLE, Bar No. 293265
> LITTLER MENDELSON, P.C.
> 650 California Street, 20th Floor
> San Francisco, CA 94108.2693
> Telephone:    415.433.1940
> Fax No.:    415.399.8490

Dated: November 13, 2014

ANDREW M. SPURCHISE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HANDY TECHNOLOGIES, INC.
(D/B/A HANDY F/K/A HANDYBOOK, INC.)

Firmwide:130081069.1 082196.1010

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. BC555367

DEFENDANT'S NOTICE OF APPEARANCE

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Littler Mendelson, P.C.
JOANNA L. BROOKS, Bar No. 182986
Treat Towers, 1255 Treat Blvd., Ste. 600, Walnut Creek, CA 94597
ANDREW M. SPURCHISE, Bar No. 245998; ROXANNA IRAN, Bar No. 273625;
MEL M.C. COLE, Bar No. 293265
650 California Street, 20th Floor, San Francisco, CA 94108
   TELEPHONE NO.: 925.932.2468 /    FAX NO. *(Optional):*   925.946.9809
           415.433.1940                               415.399.8490
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendants HANDY TECHNOLOGIES, INC.
(D/B/A HANDY F/K/A HANDYBOOK, INC.)

**CONFORMED COPY**
~~ORIGINAL FILED~~
Superior Court of California
County of Los Angeles

NOV 13 2014

Sherri R. Carter, Executive Officer/Clerk
By: P. Pleasant, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 600 South Commonwealth Avenue
  MAILING ADDRESS: 600 South Commonwealth Avenue
  CITY AND ZIP CODE: Los Angeles, CA 90005
  BRANCH NAME: Central Civil West Courthouse

PLAINTIFF/PETITIONER: LULU MALONE

DEFENDANT/RESPONDENT: HANDYBOOK, INC., ET AL.

| CASE NUMBER: |
|---|
| BC555367 |

| PROOF OF SERVICE—CIVIL | JUDGE: |
|---|---|
| | DEPT.: |

**Check method of service *(only one):***

| ☐ By Personal Service | ☒ By Mail | ☐ By Overnight Delivery |
|---|---|---|
| ☐ By Messenger Service | ☐ By Fax | ☐ By Electronic Service |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and not a party to this action.
2. My residence or business address is: 650 California Street, 20th Floor, San Francisco, CA 94108
3. ☐ The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*
4. On *(date):* November 13, 2014     I served the following documents *(specify):*

   **Defendant Handy Technologies, Inc.'s Notice of Appearance**

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the person or persons below, as follows:
   a. Name of person served: Stephen M. Harris, Esq. / Robert L. Starr, Esq.
   b. ☒ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
     Business or residential address where person was served:
     Knapp, Petersen & Clarke, 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203;
     The Law Offices of Robert L. Starr, 23277 Ventura Boulevard, Woodland Hills, CA 91364
   c. ☐ *(Complete if service was by fax or electronic service.)*
     (1) Fax number or electronic service address where person was served:
       818.547.5329 (KPC fax); smh@kpclegal.com;
       818.225.9042 (Starr Law fax); robert@starrlawmail.com
     (2) Time of service:
   ☐ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* U.S. Mail
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [Rev. July 1, 2011] | **PROOF OF SERVICE—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,<br>2015.5; Cal. Rules of Court, rules 2.260, 2.306<br>www.courts.ca.gov |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME: | CASE NUMBER: |
|---|---|
| MALONE V. HANDYBOOK, INC., ET AL. | BC555367 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

  c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 13, 2014

Olivia Pearl Azevedo
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *(signature)*
_____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶
_____
(SIGNATURE OF DECLARANT)

Page 2 of 3

POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit G

COPY

| | |
|---|---|
| 1 | JOANNA L. BROOKS, Bar No. 182986<br>LITTLER MENDELSON, P.C. |
| 2 | Treat Towers<br>1255 Treat Boulevard, Suite 600 |
| 3 | Walnut Creek, CA 94597<br>Telephone:   925.932.2468 |
| 4 | Fax No.:      925.946.9809 |
| 5 | ANDREW M. SPURCHISE, Bar No. 245998<br>ROXANNA IRAN, Bar No. 273625 |
| 6 | MEL M.C. COLE, Bar No. 293265<br>LITTLER MENDELSON, P.C. |
| 7 | 650 California Street, 20th Floor<br>San Francisco, CA 94108.2693 |
| 8 | Telephone:   415.433.1940<br>Fax No.:      415.399.8490 |
| 9 | |
| 10 | Attorneys for Defendant<br>HANDY TECHNOLOGIES, INC. |
| 11 | (D/B/A HANDY F/K/A HANDYBOOK, INC.) |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 3 2014

Sherri R. Carter, Executive Officer/Clerk
By: Cathy Randle Jones, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

| | | |
|---|---|---|
| 14 | LULU MALONE, individually and on<br>behalf of a class of similarly situated<br>individuals, | Case No. BC555367 |
| 15 | | **DEFENDANT HANDY TECHNOLOGIES,<br>INC.'S MOTION FOR PEREMPTORY<br>CHALLENGE** |
| 16 | Plaintiff, | |
| 17 | v. | **[CODE CIV. PROC. § 170.6]** |
| 18 | HANDYBOOK, INC., a Delaware<br>corporation; HANDY, a business entity<br>form unknown; and DOES 1-100,<br>inclusive, | Trial Date:  None set.<br>Complaint Filed:  August 21, 2014<br>FAC Filed:  October 10, 2014 |
| 19 | | |
| 20 | | |
| 21 | Defendants. | |

Case No. BC555367

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  TO THE PRESIDING JUDGE OF THE SUPERIOR COURT OF CALIFORNIA FOR THE

2  COUNTY OF LOS ANGELES:

3         Pursuant to Code of Civil Procedure section 170.6(a)(2), Defendant HANDY

4  TECHNOLOGIES, INC. (D/B/A HANDY F/K/A HANDYBOOK, INC.) ("Defendant") hereby

5  moves, by and through its counsel of record, to disqualify the Honorable John Shepard Wiley, Jr.,

6  the judge to whom this matter is currently assigned for all purposes, and requests that no matters

7  hereinafter arising in this case be heard by or assigned to Judge Wiley. This motion is made on the

8  ground that Judge Wiley is prejudiced against Defendant or the interests of Defendant in this action

9  so that Defendant believes it cannot have a fair and impartial trial before Judge Wiley.

10         "If a peremptory challenge motion in proper form is timely filed under section 170.6,

11  the court must accept it without further inquiry." *Stephens v. Superior Court* (2002) 96 Cal.App.4th

12  54, 59; *see also Davcon, Inc. v. Roberts & Morgan* (2003) 110 Cal.App.4th 1355, 1362

13  (disqualification request "takes effect instantaneously and irrevocably" and peremptory challenge is

14  effective "without any further act or proof" upon timely presentation). This motion is timely, having

15  been made simultaneously with Defendant's initial appearance in this matter, and therefore within all

16  applicable deadlines set forth in Code of Civil Procedure section 170.6. *See* Code Civ. Proc. §

17  170.6(a)(2). Defendant has not previously made a peremptory challenge to a judge in this action

18  and, thus, this request must be granted. Code Civ. Proc. § 170.6(a)(4).

19         This Motion is based on the matters contained herein, on section 170.6 of the Code of

20  Civil Procedure, on the supporting Declaration of Andrew M. Spurchise, and such further argument

21  and evidence that may be heard.

22         WHEREFORE, Defendant prays that the relief herein requested be granted.

23

24  Dated: November 13, 2014

                                 ANDREW M. SPURCHISE

25                                   LITTLER MENDELSON, P.C.
                                 Attorneys for Defendant

26                                   HANDY TECHNOLOGIES, INC.
                                 (D/B/A HANDY F/K/A HANDYBOOK,

27                                   INC.)

28  Firmwide:130079722.1 082196.1010

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

                                       1.                           Case No. BC555367

DEFENDANT'S MOTION FOR PEREMPTORY CHALLENGE [CCP 170.6]



1 | JOANNA L. BROOKS, Bar No. 182986
LITTLER MENDELSON, P.C.
2 | Treat Towers
1255 Treat Boulevard, Suite 600
3 | Walnut Creek, CA 94597
Telephone:   925.932.2468
4 | Fax No.:   925.946.9809

5 | ANDREW M. SPURCHISE, Bar No. 245998
ROXANNA IRAN, Bar No. 273625
6 | MEL M.C. COLE, Bar No. 293265
LITTLER MENDELSON, P.C.
7 | 650 California Street, 20th Floor
San Francisco, CA 94108.2693
8 | Telephone:   415.433.1940
Fax No.:   415.399.8490

9 |

10 | Attorneys for Defendant
HANDY TECHNOLOGIES, INC.
11 | (D/B/A HANDY F/K/A HANDYBOOK, INC.)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOV 1 3 2014**

Sherri R. Carter, Executive Officer/Clerk
By: Cathy Randle Jones, Deputy

12 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13 | **COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST**

14 | LULU MALONE, individually and on
behalf of a class of similarly situated
15 | individuals,

16 |                     Plaintiff,

17 |            v.

18 | HANDYBOOK, INC., a Delaware
corporation; HANDY, a business entity
19 | form unknown; and DOES 1-100,
inclusive,

20 |

21 |                     Defendants.

Case No.  BC555367

**DECLARATION OF ANDREW M.
SPURCHISE IN SUPPORT OF DEFENDANT
HANDY TECHNOLOGIES, INC.'S MOTION
FOR PEREMPTORY CHALLENGE**

**[CODE CIV. PROC. § 170.6]**

Trial Date:  None set.
Complaint Filed:  August 21, 2014
FAC Filed:  October 10, 2014

22 |

23 |

24 |

25 |

26 |

27 |

28 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. BC555367

SPURCHISE DECLARATION ISO DEFENDANT'S MOTION FOR PEREMPTORY CHALLENGE [CCP 170.6]

1                           I, Andrew M. Spurchise, declare as follows:

2            1.      I am licensed to practice law in the State of California and am a shareholder of the

3    law firm of Littler Mendelson, a Professional Corporation, attorneys of record for Defendant

4    HANDY TECHNOLOGIES, INC. (D/B/A HANDY F/K/A HANDYBOOK, INC.) ("Defendant").  I

5    make this Declaration in support of Defendant's Peremptory Challenge.  I have personal knowledge

6    of the facts set forth in this Declaration and, if called as a witness, I could and would competently

7    testify thereto.

8            2.      I am informed and believe that the Honorable John Shepard Wiley, Jr., the judge

9    assigned for all purposes to this case, is prejudiced against Defendant or its attorneys or the interests

10   of the party or attorneys, such that I believe Defendant cannot have a fair and impartial trial before

11   this judge.

12           3.      This peremptory challenge is made simultaneously with Defendant's first appearance

13   in this matter.  Defendant has not previously made a peremptory challenge to a judge in this action.

14           4.      On behalf of Defendant, I respectfully request, pursuant to California Code of Civil

15   Procedure § 170.6, that the Honorable John Shepard Wiley, Jr. be disqualified from hearing any

16   matter in this case.

17                  I declare under penalty of perjury under the laws of the State of California that the

18   foregoing is true and correct.

19           Executed on November 13, 2014, in San Francisco, California.

20

21

22

23                      ANDREW M. SPURCHISE

24

25   Firmwide:130080939.1 082196.1010

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case No. BC555367

SPURCHISE DECLARATION ISO DEFENDANT'S MOTION FOR PEREMPTORY CHALLENGE [CCP 170.6]

COPY

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Littler Mendelson, P.C.<br>JOANNA L. BROOKS, Bar No. 182986<br>Treat Towers, 1255 Treat Blvd., Ste. 600, Walnut Creek, CA 94597<br>ANDREW M. SPURCHISE, Bar No. 245998; ROXANNA IRAN, Bar No. 273625;<br>MEL M.C. COLE, Bar No. 293265<br>650 California Street, 20th Floor, San Francisco, CA 94108 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 13 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: P. Pleasant, Deputy |

TELEPHONE NO.: 925.932.2468 / FAX NO. *(Optional):* 925.946.9809
   415.433.1940   415.399.8490

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Defendants HANDY TECHNOLOGIES, INC.
(D/B/A HANDY F/K/A HANDYBOOK, INC.)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
   STREET ADDRESS: 600 South Commonwealth Avenue
   MAILING ADDRESS: 600 South Commonwealth Avenue
   CITY AND ZIP CODE: Los Angeles, CA 90005
   BRANCH NAME: Central Civil West Courthouse

PLAINTIFF/PETITIONER: LULU MALONE

DEFENDANT/RESPONDENT: HANDYBOOK, INC., ET AL.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | BC555367 |

**Check method of service *(only one):*** | JUDGE:
☐ By Personal Service  ☒ By Mail  ☐ By Overnight Delivery | 
☐ By Messenger Service  ☐ By Fax  ☐ By Electronic Service | DEPT.:

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**
2. My residence or business address is: 650 California Street, 20th Floor, San Francisco, CA 94108
3. ☐   The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*
4. On *(date):* November 13, 2014     I served the following **documents** *(specify):*
   **1. Defendant Handy Technologies, Inc.'s Motion for Peremptory Challenge; and**
   **2. Declaration of Andrew M. Spurchise in Support of Defendant Handy Technologies, Inc.'s Motion for Peremptory Challenge**

   ☐   The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Stephen M. Harris, Esq. / Robert L. Starr, Esq.
   b. ☒   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Knapp, Petersen & Clarke, 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203;
      The Law Offices of Robert L. Starr, 23277 Ventura Boulevard, Woodland Hills, CA 91364
   c. ☐   *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:
         818.547.5329 (KPC fax); smh@kpclegal.com;
         818.225.9042 (Starr Law fax); robert@starrlawmail.com
      (2) Time of service:

   ☐   The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* U.S. Mail
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| MALONE V. HANDYBOOK, INC., ET AL. | BC555367 |

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 13, 2014

Olivia Pearl Azevedo
_____
      (TYPE OR PRINT NAME OF DECLARANT)

▸ *Olivia Pearl Azevedo*
_____
      (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
      (NAME OF DECLARANT)

▶

_____
      (SIGNATURE OF DECLARANT)

Page 2 of 3

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**



American LegalNet, Inc.
www.FormsWorkFlow.com



**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Littler Mendelson, P.C.
JOANNA L. BROOKS, Bar No. 182986
Treat Towers, 1255 Treat Blvd., Ste. 600,  Walnut Creek, CA 94597
ANDREW M. SPURCHISE, Bar No. 245998; ROXANNA IRAN, Bar No. 273625;
MEL M.C. COLE, Bar No. 293265
650 California Street, 20th Floor, San Francisco, CA 94108
TELEPHONE NO: 925.932.2468 /         FAX NO. *(Optional):*     925.946.9809
415.433.1940                              415.399.8490
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  Defendants HANDY TECHNOLOGIES, INC.
(D/B/A HANDY, F/K/A HANDYBOOK, INC.)

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**NOV 17 2014**

Sherri R. Carter, Executive Officer/Clerk
By: Kandece Bennett, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 600 South Commonwealth Avenue
MAILING ADDRESS: 600 South Commonwealth Avenue
CITY AND ZIP CODE: Los Angeles, CA 90005
BRANCH NAME: Central Civil West Courthouse

PLAINTIFF/PETITIONER: LULU MALONE

DEFENDANT/RESPONDENT: HANDYBOOK, INC., ET AL.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE—CIVIL** | BC555367 |

**Check method of service** *(only one):*

| | JUDGE: |
|---|---|
| ☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery | |
| ☐ By Messenger Service   ☐ By Fax   ☐ By Electronic Service | DEPT.: |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My residence or business address is: 650 California Street, 20th Floor, San Francisco, CA 94108

3. ☐    The fax number or electronic service address from which I served the documents is *(complete if service was by fax or electronic service):*

4. On *(date):* November 17, 2014        I served the following **documents** *(specify):*
   **Notice to Plaintiff and State Court of Filing of Removal of Civil Action to Federal Court**

   ☐    The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served: Stephen M. Harris, Esq. / Robert L. Starr, Esq.
   b. ☐   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:
      Knapp, Petersen & Clarke, 550 North Brand Boulevard, Suite 1500, Glendale, CA 91203;
      The Law Offices of Robert L. Starr, 23277 Ventura Boulevard, Woodland Hills, CA 91364
   c. ☐   *(Complete if service was by fax or electronic service.)*
      (1) Fax number or electronic service address where person was served:
         818.547.5329 (KPC fax); smh@kpclegal.com;
         818.225.9042 (Starr Law fax); robert@starrlawmail.com
      (2) Time of service:

      ☐    The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):* U.S. Mail
   a. ☐   **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. July 1, 2011]

**PROOF OF SERVICE—CIVIL
(Proof of Service)**

Code of Civil Procedure., §§ 1010.6, 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rules 2.260, 2.306
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME | CASE NUMBER: |
|---|---|
| MALONE V. HANDYBOOK, INC., ET AL. | BC555367 |

6. b. ☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒   placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, CA

  c. ☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

  d. ☐   **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

  e. ☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

  f. ☐   **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed in item 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 17, 2014

Olivia Pearl Azevedo
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

### DECLARATION OF MESSENGER

☐   **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 3

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

American LegalNet, Inc.
www.FormsWorkFlow.com